## CADY and Wife v. ALLEN *et al.*

Where the finding of facts by a referee sets forth an agreement by the defend-
ant, reciting a good consideration, but states no other fact relating to that
point, this court cannot examine the evidence to determine whether or not
such agreement is supported by a good consideration, although the Case con-
tains an exception, taken at the trial, to the referee's decision on that
question.

APPEAL from the Supreme Court. The action was tried
before a referee who, in his finding of facts, stated that
the defendants executed and delivered to one Van Buskirk
(who had assigned his cause of action to the plaintiffs) an
agreement in writing, in these words :

"We do agree, for value received, to pay all claims against
the house and lot that you bought of E. E. Lewis," &c.
The rest is immaterial to the only question discussed in
this court. There was no further statement in the agree-
ment, in respect to its consideration, and no other fact relat-
ing to the consideration was found by the referee.

It appeared from the case that, upon the conclusion of
the testimony, the defendant's counsel made the point that
there was no consideration shown to support the defendants'
promise. The referee overruled the objection, and the de-
fendants' counsel took an exception. The referee reported
in favor of the plaintiffs, and the judgment thereupon entered
was affirmed at general term in the seventh district, and
the defendants appealed to this court. The case was sub-
mitted on printed arguments.

*James C. Smith,* for the appellants.

*Selah Mathews,* for the respondents.

GRAY, J., delivered the opinion of the court. After stating
the absence of any finding of the facts in respect to the

consideration of the defendants' promise by the referee, except the acknowledgment of value received contained in the written agreement itself, he reviewed the evidence set forth in the Case and Exceptions, and arrived at the conclusion that it had been misconstrued by the Supreme Court, and that it was established by clear proof that, as matter of fact, there was no consideration to support the defendants' promise.

The learned judge then proceeded as follows :

This conclusion, however, that the agreement is supported by no legal consideration, is derived from an examination of the evidence at large. The fact does not so appear in the finding of the referee. On the contrary, his statement of the facts sets forth the agreement in terms which very distinctly acknowledge a consideration. The statement of facts so made supports the judgment rendered in the court below. It was competent for that court to examine the evidence and find the facts differently, and on that ground to reverse the judgment rendered at the trial. But we must take the statement as we find it in the record. The appeal to this court is upon the law only, and we are to determine the law after all matters of fact are determined and embraced in a proper statement or finding. When we see that the judgment is fully supported by the facts, as settled in due form by the referee or the judge, we do not grope through the evidence in order to see whether there may not be a ground of reversal. For this reason the judgment must be affirmed.

All the judges agreed that the judgment must be affirmed on the ground stated, without determining whether the evidence, as stated in the Case, did or did not, independent of the finding of facts by the referee, establish or disprove a valid consideration for the defendants' agreement.

Judgment affirmed.