BARLOW *v.* SCOTT.

A promise is to be interpreted in that sense in which the promisor knew that the promisee understood it.

Accordingly where the vendor of land undertook to execute such a conveyance as he had received from his grantor, which he said was a warranty deed—the same in fact containing only a covenant against the acts of the grantor—the purchaser, although he saw the deed under which the vendor held, understood it to be, and understood the vendor to promise, a deed with general warranty, and the vendor knew that such was his understanding, *held*, that the vendor was bound to convey with general warranty.

Where the complaint prays for the specific performance of a contract to convey lands or for damages, but shows that the defendant is incapable of conveying, and the parties go to trial, the court, under the Code, is not to dismiss the complaint, but to retain the case for the purpose of awarding damages.

It is no ground for reversing the judgment in such a case that the trial was by the court without jury, where it does not appear in the case that the objection was taken at the trial.

APPEAL from the Supreme Court. The complaint set forth a contract for the conveyance by the defendant to the plaintiff of forty acres of land by a good warrantee deed. It averred

Barlow *v.* Scott.

that the defendant had tendered a deed which contained only
a covenant of warranty against his own acts, which the plain-
tiff refused to receive: that the defendant had no title to the
land, but that it was in the possession of a third person who
held it adversely under a valid title.  It prayed for a specific
performance of the contract, or for damages.  The defendant
denied the contract to convey with general covenant of war-
ranty.  The trial was before a judge without jury.  The Case
did not show whether this was by consent, nor that any objec-
tion was taken to that mode of trial.  The judge found the
facts, as the same as sufficiently stated in the following opinion,
and ordered judgment for the plaintiff for $500 damages.
The judgment having been reversed, and a new trial granted
at general term in the sixth district, the plaintiff appealed to
this court.

*Benjamin N. Loomis,* for the appellant.

*Giles F. Hotchkiss,* for the respondent.

LOTT, J.  As the judgment of reversal and granting a new
trial does not show that it was reversed on questions of fact,
the case is open to review in this court on questions of law only
(§ 268 of the Code, as amended in 1860).  We must, therefore,
assume the facts to be as stated in the decision of the judge;
and the principal question to be considered is whether he de-
cided correctly, as a conclusion of law, that the defendant is
deemed to have promised the plaintiff that he would execute
and deliver to him a good warranty deed of the forty acres of
land situated at Binghamton, referred to in the pleadings.  It
is found expressly that the defendant had agreed to grant and
convey the said land in fee to the plaintiff, and the finding in
relation to the deed by which it was to be so granted and con-
veyed is, substantially, that during the negotiation between the
parties, the defendant stated to the plaintiff that he had a war-
ranty deed of the said lot, that such statement was made after
he was informed by the defendant that he would not accept a
quit-claim deed therefor, and that the agreement finally entered

into was made under the belief by the plaintiff that he was to receive and the defendant had promised and was to give a good warranty deed: the defendant at the time knowing that the plaintiff was acting and entering into the agreement under such belief, without informing him of his mistake: but the defendant, in fact, "did not expressly promise or intend to promise or at any time to deliver to the plaintiff a good warranty deed of said forty acres of land, and did not at any time intend to give the plaintiff a warranty deed of that land."

The fair and legitimate inference from these facts is, that a mere naked conveyance of the lands without any covenants was not contemplated by either of the parties, and as no form was specifically and in terms agreed on, we are to determine from the nature and course of the negotiations what the plaintiff was entitled to.

His declaration, that he would not receive a quit-claim deed, followed by the statement of the defendant that he had a warranty deed is, in my opinion, sufficient, in the absence of proof of any other remark qualifying that statement, to warrant the belief by the plaintiff that the form of deed spoken of by the defendant would be given. It was his duty when he knew that the plaintiff was acting under that belief, to have informed him of his mistake; and his failure to do so, must be considered as an assent to do what the defendant understood he was contracting for. Good faith and fair dealing will not permit him to shield himself from such a consequence or liability on the ground that he did not expressly promise or intend to promise or give the deed which his conduct warranted the plaintiff in believing he would receive. It was his duty to speak, and it would be inconsistent with all idea of right and justice to permit a party to avail himself of the benefits accruing from a contract made under such circumstances and withhold from the other party the consideration which, with his knowledge, that party expected to receive in return. The transaction was for all practical purposes the same in effect as if the plaintiff had, in express terms, told the defendant that his understanding of the agreement was that he was to receive a good warranty

deed, and that the defendant had made no response to that declaration. His silence under such circumstances would be an acquiescence, and would create a liability to the same extent as if he had given an express assent to the declaration.

I have so far considered the question upon the facts to which I have above particularly referred, and unless the circumstances to which I shall now refer are sufficient to overcome their effect, it appears to me clear that the defendant has bound himself to give the deed claimed by the plaintiff.

It is conceded by the defendant in his answer, that he was to convey the forty acres in question to the plaintiff, but he says that it was distinctly and expressly understood and agreed by and between the plaintiff and himself "that he was not to convey the same by a good warranty deed, but on the contrary that he was to execute to the plaintiff, and the plaintiff was to accept, a deed therefor like the deed by which the same was conveyed to him, and that this was the whole of the agreement between them in relation to the said forty acres."

It is found, as a part of the facts in the case, that the deed under which the defendant held these premises contained no covenants of warranty, except one against the acts of his grantors: that during the negotiations between the parties, the defendant stated to the plaintiff that he had a warranty deed of the land; that this deed was then shown to the plaintiff who took it and looked at it but did not discover that it contained no covenants of warranty, except one against the acts of his grantors. A deed copied therefrom to be executed and delivered by the defendant and wife to the plaintiff, was compared therewith in the presence and hearing of the plaintiff, who did not discover but that both of those deeds were common warranty deeds. It is further found that the defendant, when he stated to the plaintiff that he had such warranty deed for the land, knew that the only covenant contained therein was against the grantor's own acts only, but that the plaintiff believed it was a common warranty deed, and the defendant knew that the plaintiff so believed.

These facts, in my opinion, do not materially change the character of the transaction, at all events not in favor of the defendant.

It is true that the plaintiff saw and looked at the deed that was shown him, and heard it read, but failed to notice that it was not such a deed as he believed, and as the defendant had represented it to be. These transactions, therefore, did not convey any actual knowledge of the true nature of the defendant's deed.

The situation of the defendant was far different. He not only knew that the deed was not such as he had stated it was, but he also knew that the plaintiff believed it was, in fact, a good warranty deed, and permitted him to enter into the agreement and in fact, as is found, saw him pay $100 in part performance of it without informing him that he was acting under a mistake.

The material fact, therefore, still stands uncontradicted that the plaintiff made the agreement in question upon the belief and understanding that he was to receive a good warranty deed, but the fact is entitled to greater consideration from the circumstance that the defendant's representations, that the deed held by him was a warranty deed, were calculated to confirm, if not to induce the plaintiff's belief.

These considerations lead us to the conclusion that the defendant was bound to grant and convey the premises in question to the plaintiff in fee by a good warranty deed.

This conclusion is in accordance with right and justice, and is sustained in principle by authority. (Story on Contracts, §§ 13 and 13a; *Wiswall* v. *Hall*, 3 Paige, 318; *De Peyster* v. *Hasbrouck*, 1 Kern., 583, 590; *Alexander* v. *Vane*, 1 Mees. & Wels., 511.) The defendants has failed and refused to comply with that obligation. Not only is the deed tendered insufficient in form, but it also is found that at the time it was tendered the premises were in possession of another party; and that the same were then, and since have been, held and occupied by such party under deed thereof, and claiming title thereto adversely to the title of the defendant and those under

Barlow *v.* Scott.

whom he claims. His deed, therefore, would be void as against the party claiming adversely, and would not confer the right of possession or any title under which possession could be recovered: and the court properly refused to give judgment directing a conveyance.

It is, therefore, a case where the plaintiff is entitled to damages for the non-performance of the agreement, and the remaining question to be considered is whether they are recoverable in this action. The complaint is framed for the specific performance of the agreement, and in default thereof for compensation in damages. It, after setting forth the terms of the contract sought to be enforced, alleges that the plaintiff has no valid title or interest in the land in question, and that the same is in the possession of another party, holding the same under a good and valid title. It was, therefore, a case where the facts alleged were not sufficient to justify a decree for specific performance, and it may be conceded, as stated in the opinion of the court below, to have been a well settled rule under our former judicial system, that a court of equity, where such relief only is attainable, would not have retained the suit for the purpose of awarding a compensation in damages, for the non-performance of the contract to convey; for the reason that actions for damages only were properly cognizable in courts of law, in which a perfect remedy could be had. Under our present arrangement the same court has both legal and equitable jurisdiction, and if the facts stated by a party in his complaint are sufficient to entitle him to any of the relief asked, and an answer is put in putting these facts in issue, it would be erroneous to dismiss the complaint on the trial merely because improper relief is primarily demanded. It is competent for the court, under such circumstances, to grant any relief consistent with the case made by the complaint and embraced within the issue (section 275 of the Code) and the statement of the right of the plaintiff and its infringement by a defendant constitute such case as stated by JOHNSON, J., in *Marquat* v. *Marquat* (2 Kern., 333, 341); *Phillips* v. *Gorham* (17 N. Y., 270); *Truscott* v. *King* (2 Seld., 165); *Wiswall* v. *Hall* (3 Paige, 314);

*Le Roy* v. *Platt* (4 Id., 77); *The New York Insurance Company* **v.** *North Western Gas Company* (21 How. Pr. R., 296, 298). These are the only questions properly presented on the appeal.

It is, however, insisted by the defendant, that it was errone-ous for the court to order judgment in favor of the plaintiff on a trial of the issue without a jury. There is nothing in the case to show that the action was so tried against or without the defendant's consent. The objection does not appear to have been made at the trial, and if it was, the fact should have been stated in the case, and not appearing there it cannot be urged in this court as a ground for reversing the judgment *Greason* v. *Keteltas* (17 N. Y., 491).

The result of these views is that the judgment of the general term should be reversed and that of the special term affirmed, with costs, in the Supreme Court, but without costs to either party on this appeal.

COMSTOCK, Ch. J., delivered an opinion to the same effect; DENIO, DAVIES and JAMES, Js., concurred; HOYT, J., was for reversal and ordering a new trial; MASON, J., for affirming the judgment at general term; SELDEN, J., did not sit in the case.

Judgment at general term reversed, and that at special term affirmed.