Swarthout *v.* New Jersey Steamboat Company.

---

SWARTHOUT *vs.* THE NEW JERSEY STEAMBOAT COMPANY.

The act of congress, passed August 30, 1852, entitled "An act to amend an act entitled 'An act to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam,' and for other purposes," was intended to provide additional guards and securities for passengers who might embark upon steam vessels, without exempting the owners from the liabilities imposed by the legal relationship which existed between them and passengers.

The regulations contained in the act did not supersede, and were not intended to supersede, the redress which the common law extended to aggrieved parties, for injuries received.

Accordingly, a certificate made by an officer of the government showing that the boilers of a steamboat have been properly inspected as directed by the act of congress, and showing a compliance with the provisions of the act by the owners, will not exonerate such owners from liability, in an action brought by a passenger, to recover damages for a personal injury occasioned by the explosion of a boiler.

In such an action the plaintiff is entitled to recover damages for his bodily pain and suffering.

Swarthout *v.* New Jersey Steamboat Company.

APPEAL from an order of the special term, denying a motion for a new trial, and from a judgment entered upon a verdict in favor of the plaintiff.

The action was brought to recover damages for injuries sustained by the plaintiff while a passenger on board of the steamboat Isaac Newton, belonging to the defendants, on the 5th day of December, 1863, in consequence of the explosion of one of the boilers of said steamboat.

The cause was tried at the Rensselaer county circuit, held in May, 1865, before Justice INGALLS and a jury.

Upon the trial, evidence was given on both sides as to the condition of the boilers, and the defendant introduced a certificate that they were inspected by an officer of the government, in pursuance of the act of congress entitled an "An act to amend an act entitled 'An act to provide for the better security of the lives of passengers on board of vessels, propelled in whole or in part by steam,' and for other purposes," passed August 30, 1852. The certificate showed a compliance with the act of congress, and was dated March 24, 1863.

At the close of the evidence the defendants' counsel moved for a nonsuit, and to dismiss the plaintiff's complaint, on the grounds, among others, that they, the defendants, having shown perfect compliance with the act of congress above mentioned, were not liable to the plaintiff in this action. The motion was overruled, and the defendants excepted. In respect to damages, his honor the judge charged the jury that the plaintiff was entitled to recover for actual expenses for physicians and nurses, and a proper amount for loss of time. And, further, that he was entitled to recover, for his bodily sufferings, such an amount as the jury should think he ought to receive for that; to which the defendants excepted. And the defendants requested the judge to charge the jury that the plaintiff was not entitled to recover in this action for physical pain and suffering, which he refused to charge, and to which refusal the defendants excepted. The

jury, under the charge of the court, rendered a verdict in favor of the plaintiff for $2000.

A motion was made at special term for a re-trial, which was denied. A judgment was entered upon the verdict, and the defendant appealed.

The case was submitted upon printed points.

*W. A. Beach,* for the appellant.

*M. I. Townsend,* for the respondent.

*By the Court,* MILLER, J.   The principal question to be determined in this case is, whether a compliance by the defendant with the provisions of the act of congress "to provide for the better security of the lives of passengers on board of vessels propelled in whole or in part by steam, and for other purposes," passed August 30, 1852, and of the act of which it is an amendment, exonerated the steamboat company from responsibility.

I am of the opnion that the act of congress does not exempt a party from a liability which ·the law otherwise imposes.   The act provides regulations under which steam vessels may be constructed and navigated, and contains no limitation or restraint upon any right which existed in favor of an injured party prior to the passage of the law, and independent of its provisions.

There is no portion of the act which expressly exonerates owners and their employees from liability, who have complied with its terms and regulations, or which relieves them from the personal care and attention which is usually required of them in the construction and management of steam vessels.

I think that the law of congress was intended to provide additional guards and securities for passengers who might embark upon steam vessels, without exempting the owners from the liabilities imposed by the legal relationship which existed between them and passengers.   It is quite obvious,

that such was its design and object, and it would be somewhat remarkable if by implication merely, and with no express provision to that effect, a party who had been injured could be deprived of the ordinary means of redress which the law furnishes, in such cases.

In the enactment in question, congress has not, I think, attempted to establish a statutory liability. Nor is there any inconsistency between the act of congress and the rule of law which furnishes a remedy. They are both entirely harmonious and reconcilable. The act of congress provides for carrying passengers, under certain rules and regulations, and the law renders the owner responsible for damages occasioned by their neglect. I do not consider that the act of congress was designed to provide a remedy, but it was simply for the purpose of increasing the guaranties against injuries to the person. The regulations which the act provides did not supersede the redress which the law extended to aggrieved parties, for injuries received.

The 13th section of the act of 1838, which the act of 1852 amends, declares that in all suits and actions against the proprietors of steamboats, for injuries arising from the bursting of the boiler, &c. the fact of such bursting, &c. shall be *prima facie* evidence to charge the defendant, or those in his employment, with negligence; thus relieving the plaintiff in any such case from proving negligence in the first instance, and thus making his right to recover independent of any compliance with the requirements of the act in question.

The 30th section of the amendatory act of 1852 provides, that when damages are sustained by any passenger, &c. the master and owner of such vessel, and the vessel itself, shall be liable if it happens through any neglect to comply with the provision of law therein prescribed, or through any known defects or imperfections of the apparatus, &c.; thus giving the injured party a right of action for the very defects proved upon the trial of this case.

These provisions of the statute are inconsistent with the idea that the law in question was intended to repeal the common law remedy and to destroy entirely the plaintiff's right of action.

But even if the act had been silent on that subject, I do not think that it would have deprived the party of any remedy which he previously enjoyed. Evidently this statute was not intended for any such purpose; and if we concede that a new remedy was granted, it would not take away one already possessed, unless it thus provided. For "if a statute gives a remedy in the affirmative (without a negative expressed or implied) for a matter which was actionable by the common law, the party may sue at common law, as well as upon the statute; for it does not take away the common law." (2 *Inst.* 200. *Com. Dig. action upon Stat. C. vol.* 1, ed. 1800, *p.* 311. *Sedg. on Stat. and Con. Law*, 401, 402; also *p.* 93. *Beckford* v. *Wood*, 7 *T. R.* 620. *Burden* v. *Crocker*, 10 *Pick.* 383. *See also Renwick* v. *Morris*, 7 *Hill*, 575; *Clark* v. *Brown*, 18 *Wend.* 213.) I do not think it alters the case, because the statute was enacted by congress, instead of the state legislature.

As I have already observed, substantially, I regard this statute as a mere regulation for the benefit of the public, and not as furnishing a new mode of redress; and under any circumstances, with no repeal of existing rights and remedies, it would certainly be going very far to hold that it entirely destroyed them.

The plaintiff was clearly entitled to recover for his bodily pain and suffering, within the rule laid down by the Court of Appeals in *Curtis* v. *The Roch. and Syracuse R. R. Co.*, 18 *N. Y. Rep.* 541, 542; *Ransom* v. *The N. Y. and Erie R. R. Co.*, 15 *id.* 415; and the judge committed no error in thus charging the jury.

The judgment must be affirmed, with costs.

[ALBANY GENERAL TERM, December 4, 1865. *Hogeboom, Miller* and *Peckham,* Justices.]