THOMAS H. BENTLEY, Respondent, v. NORMAN SMITH,
Appellant.

Where A contracts with B to sell to the latter certain premises, pointing
out the boundaries, but in the written description of the premises so
contracted to be conveyed, includes only a portion of the premises
so pointed out, *it seems* that the assignee of B, relying upon a con-
formity between the written description and verbal agreement between
A and B, may maintain an action against A, to compel a conveyance
according to the understanding between the original parties. (See
*Grant* v. *Morse*, 22 N. Y., 323.)

APPEAL from the judgment of the General Term affirming
the judgment of the Special Term.

*Warren T. Worden*, for the appellant.

*William B. Mills*, for the respondent.

MORGAN, J.   This action was brought by the plaintiff, the
assignee of the vendee, to reform and enforce a written con-
tract for the sale of real estate, upon the ground of fraud in
the vendor, by which a portion of the premises actually bar-
gained for was omitted from the descrpition.   The complaint
charges that one Ladow contracted to purchase certain prem-
ises of the defendant for the price of $1,000; that the
boundaries were pointed out to him, and, at his request, the
defendant furnished a description to be inserted in the con-
tract; that the defendant furnished a description of only a
portion of the premises contracted for (which was inserted in
the contract), for the purpose and with the intent to cheat
and defraud the said Ladow, his heirs and assigns; that, on
the same day, he, the plaintiff, understanding from the
declarations of the defendant, that the contract contained a
full description of all the lands contracted for, and relying
thereon, took an assignment of the contract and entered into
the possession of the premises, as well those excluded from,

as those included in the description; that he had paid up
the purchase price to the defendant, and demanded a con-
veyance of the premises, including the premises omitted
from the description; which the defendant refused to convey.

The answer of the defendant denies that he agreed to sell
any lands except those mentioned in the contract. He
states that he disputed the plaintiff's right to occupy the
other lands claimed by him, but has been ready and willing
to make a conveyance according to the written contract.

The action was referred to a referee to take testimony,
and, upon the coming in of his report, the court, at Special
Term, proceeded to try the issue. We have what is called
the decision of the judge upon the trial, but no formal find-
ings upon matters of fact and of law, such as is required by
the Code and the rules and practice of the court.

The following is the form of the finding, viz.: "This
cause having been tried by the court, at a Special Term,
without a jury, upon the issues made by the pleadings in the
cause, the court find, as matter of fact, that the defendant
did make the representations charged in the complaint, and
that the plaintiff relied thereon in making the contract with
him. And, as a matter of law, the court find and decide
that the plaintiff is entitled to have the said contract so
reformed as to describe all the lands claimed by him in his
complaint, and that he then have a conveyance by a good
and sufficient deed from the said defendant of the said prem-
ises, and that he have costs of this action."

The judgment follows the decision. The General Term
affirmed the judgment upon the ground, as stated in the
opinion of one of the justices, that the evidence established
a clear case for the relief asked and granted; the misdescrip-
tion being, as the judge thought, the result of a mutual mis-
take, but, whether the result of fraud or mistake, the relief
was proper.

Upon the appeal to this court, the appellant's counsel
relies upon a single point to reverse the judgment, viz.: that
the assignment to the plaintiff was specific of the written
contract and the land therein described. This, he insists,

did not transfer any right to the plaintiff to claim the specific performance of another and different contract.

This objection does not appear to have been taken in the court below, and we hear of it here for the first time. There is nothing in the statement of facts found by the court, which will enable us to understand what circumstances were shown on the trial to support the plaintiff's title to the relief granted. It is not a case, as I shall attempt to show, where such relief could not be granted to the assignee, under a given state of facts. We cannot, however, look into the evidence, as did the General Term, to see what those facts were. (*Cady* v. *Allen*, 18 N. Y., 574.) Nor do I understand what is meant by that part of the finding of the court below in which it is stated that the plaintiff relied upon the defendant's representations stated in the complaint. The representations were not made to induce the plaintiff to take the assignment of the contract, and he had no right to hold the defendant responsible for them. That they were the occasion of his making a mistake in the quantity of land contained in the written contract, is very probable. As between Ladow and the plaintiff there was probably what the law would term a mutual mistake, both supposing, from the representations of the defendant, that the description covered all the land bargained for. We might gather from the statements in the complaint that the defendant committed a fraud as to Ladow, but not as to the plaintiff; for it does not appear in any of the statements that they were made to induce him to purchase the contract.

As the court only finds that the representations of the defendant, as stated in the complaint, were made, and that the plaintiff relied upon them in making the contract with him, it is difficult to interpret the language so as to support the judgment. For it does not appear by the complaint that the plaintiff made any contract with the defendant, either written or verbal. The evidence may disclose something of the kind, if we were at liberty to look into it.

I do not think the case is so made up as to authorize us to pass upon the questions argued in this court. When there is

no sufficient finding of facts, the appeal may be dismissed absolutely or conditionally, as was done in *Wescott* v. *Thompson* (16 N. Y., 615).

If the court, however, should be of opinion that the question discussed is properly before us on this appeal, and that we are authorized to assume as true the facts stated in the complaint, then I am of the opinion that the judgment should be affirmed.

It is, no doubt, true that at law the plaintiff only took Ladow's interest in the written contract and the premises therein described. But equity regards that as done which is agreed to be done. By the parol evidence, it could have been shown, in accordance with the allegations of the complaint, that the real agreement was a sale by defendant to Ladow of the premises claimed, and that Ladow agreed and undertook to assign to the plaintiff his interest in the same premises. In one case the mistake was the result of the defendant's fraud; in the other, the result of a mutual mistake. Ladow had a right, therefore, to invoke the aid of a court of equity to correct the contract on account of the defendant's fraud. After it was thus corrected, the plaintiff, his assignee having by mutual mistake taken an insufficient assignment of what he purchased of Ladow, might have invoked the aid of a court of equity to reform his agreement so as to give him what in equity would belong to him. That Ladow did not assert his right, before assignment of his contract, will not, I think, affect the plaintiff's equity. As the plaintiff went into possession of all the lands contracted for, it is very strong evidence that he supposed he had purchased them all under his assignment of the contract. As Ladow was entitled to a contract for those very lands, and as the plaintiff intended to purchase them of Ladow by the assignment, the equitable title of Ladow to such lands passed to the plaintiff, equity regarding as done what was in fact agreed to be done, as between all these parties.

It is, however, very questionable whether Ladow was not a necessary party, as he had a right to deny the mistake under which it is claimed the plaintiff took an assignment

of the contract; but no such question seems to have been made or passed upon in the court below. I think the defendant should have taken the objection in the court below, in order to make it available upon this appeal.

I am clearly of opinion, however, that, in the absence of proof that the plaintiff intended to purchase, and Ladow intended to sell, all the lands in question, not merely those described in the written contract, there are no grounds upon which this action could be sustained. He did not acquire an equitable interest in the lands omitted in the written description by the terms of the assignment; nor did Ladow convey to him his claim upon the defendant to reform the contract; but in equity, upon the hypothesis of a mutual mistake, he took an interest in the lands as broad as that of Ladow himself, and was entitled, under his contract with Ladow, to recover of Ladow what Ladow was entitled to recover of the defendant. Their equitable rights did not arise out of the written contract and assignment, but out of the negotiations which preceded them. Whether the mistake was the result of fraud or accident can make no difference, for in either case a court of equity is competent to correct it. And the plaintiff, having the ultimate right to a conveyance of the premises according to the real understandings of the parties, may doubtless maintain an action in equity to enforce it. This would prevent circuity of action. It would accomplish in one suit the same result as would be accomplished by two separate actions.

But it will be seen, I think, that there are no facts found by the court below upon which we can with propriety pass upon such a question. There is no finding of fraud in the original vendor, or of mutual mistake as between the assignor and assignee; but the finding that the defendant made the declarations charged upon him in the complaint, and that the plaintiff relied upon them, is suggestive of both; still, it is added that the plaintiff's contract was made with the defendant instead of Ladow, which only seems to confuse the question without furnishing any solid ground upon which to base the judgment.

If the court should agree with me that the question cannot be entertained upon the statement of facts found by the judge, the appeal should be dismissed, although we may think there is evidence enough, if we were permitted to look into it, to authorize the judgment.

A majority of the judges, however, being of opinion that the judgment may properly be affirmed upon the authority of *Grant* v. *Morse* (22 N. Y., 323),

Judgment affirmed.