JAMES M. LEWIS, APPELLANT, *v.* HENRY A. MOTT, ET AL., EXECUTORS, &c., RESPONDENTS.

*Tender— Offer to pay not equivalent.*

An offer to pay is not an equivalent of an actual tender.

*H. P. Fessenden* for Appellant.

*W. F. Allen* for Respondents.

DAVIES, CH.J.—N. J. Brown, the Plaintiff's assignor, being indebted to one Calvin W. How in the sum of $548.48, and to the firm of Swift & Hurlburt, all of the city of New York, in the sum of $151.52, and which indebtedness was secured by the notes of said Brown, said Brown, on the 22d of May, 1845, left with said How as collateral security for the payment thereof, $2,000 of Canal scrip of the State of Illinois. At the same time it was agreed that, if said notes were not paid at maturity, or within thirty days thereafter, said How was authorized to sell said scrip and apply the avails thereof, pro rata, to the payment of said notes.

The notes not having been paid, How sold and assigned the Canal scrip stock to Joseph B. Varnum, the Defendant's testator, in consideration of the sum of $800 paid by Varnum to How.

Varnum sold the same at auction, and realized therefor the sum of $500. In 1854, Brown offered to Varnum to pay the amount due upon these two notes, and demanded the said certificates from him. That demand not being complied with, this action was commenced, Brown having assigned his claim to this Plaintiff. The complaint prayed that an account be taken between the Plaintiff and the Defendant, and that, upon payment of the balance, if any, which might be past due, to the Defendant, upon the two promissory notes, or either of them, the Defendant be adjudged to pay him such sum of money as upon such accounting he may be found entitled to, or that, upon such accounting being had, the said collateral securities be sold, under the direction of the Court, and the proceeds thereof, after payment

out of the same of the balance aforesaid, and after payment of Plaintiff's costs, be paid to him.

The learned First Judge of the New York Common Pleas, before whom this action was tried, correctly held that the Defendant, Varnum, stood in no relation of pledgee to this plaintiff, and that there was no privity between them; that he occupied the position of a purchaser from How, and that upon no principle could he be held to account to the Plaintiff, as his trustee, for the administration of this trust. It did not appear that anything was sold and transferred to the Defendant, but the stock deposited with How as security for the payment of the two notes mentioned.

By the terms of the assignment from Brown to How, the latter was fully authorized to sell the said Canal scrip upon non-payment of the notes, and was to apply the avails thereof to the payment of said notes pro rata. This Defendant, by becoming the purchaser of the said scrip, did not assume the responsibilities, nor did there devolve upon him the duties of trustee to administer the trust in the place of How. If How had been guilty of any violation of his duties as trustee he was responsible to the Plaintiff's assignee, and was liable to account either to him or to his cestui que trust for the manner in which he had discharged these duties. The Court very properly held, therefore, that there was no ground upon which the Defendant could be held liable to an account, or upon which the Plaintiff's right to redeem could be enforced against the Defendant, Varnum.

The judge having arrived at this conclusion, it followed that the complaint should have been dismissed. But the Court held that there had been an illegal conversion of the scrip by the Defendant, Varnum, and that he was liable, as in an action of tort, for the value of the property converted, and thereupon gave judgment against the Defendant for the value of said scrip, with interest.

This judgment was reversed by the General Term of the New York Common Pleas, and judgment given for the Defendant, that the complaint be dismissed with costs.

From this judgment the Plaintiff appeals to this Court.

There is a conclusive objection to the Plaintiff's assignee recovering in this action as for a tort or illegal conversion. How clearly had a lien upon these securities for the payment of the amount of the two notes and interest. It must be conceded that Varnum, by the purchase of these securities from How, acquired at least the interest and lien of How, whatever that may have been, and Plaintiff's assignee, to have entitled himself to a redelivery of these securities, must have tendered the amount of the lien. There was simply an offer to pay to Varnum the amount due upon these notes. It was unaccompanied by any tender of the amount due, and was insufficient to extinguish the lien and thus entitle Brown to the possession of the notes. He could not clearly maintain an action for conversion, unless he was entitled to such possession. Until a wrongful detention after a demand, and refusal, was shown, there was no evidence of a conversion.

The possession of Varnum, in this respect, was lawful, and its character could not be changed, until some act was done which made it unlawful longer for him to retain these securities (Hall *v.* Robinson, 2 Coms. 293). A tender of the amount due on the two notes, assuming that Varnum held them as the substitute of How, might have entitled Brown to the possession of the securities.

But clearly, on no theory, was he entitled to them, except upon payment of the lien, or a tender and refusal. Such tender has not been made. The offer to pay is not the equivalent for an actual tender (Bakeman *v.* Pooler, 15 Wend. R. 637; Strong *v.* Blake, 46 Barb. 227).

Judgment final was properly given (Edmonston *v.* McLoud, 16 N. Y. 543).

The judgment appealed from should be affirmed with costs. Affirmed.

JOEL TIFFANY,
State Reporter.