GROVE N. PALMER, APPELLEE, v. SAMUEL WINDROM ET AL., APPELLANTS.

Mortgage: MISDESCRIPTION OF PROPERTY. A mistake in the description of property mortgaged may be corrected, and a de-

cree of foreclosure entered in the same action. Certain allegations as to mistake held sufficient to sustain the judgment.

APPEAL from the district court of Saline county. Tried below before WEAVER, J.

*M. B. C. True*, and *F. Doezel*, for appellants, cited *McClellan v. Sanford*, 26 Wis., 595. *Glass v. Hulburt*, 102 Mass., 24. *Gillespie v. Moon*, 2 Johns. Ch., 585. *Graves v. Ins. Co.*, 2 Cranch, 419.

*Hastings & McGintie*, for appellee.

MAXWELL, J.

On the 20th day of July, 1880, Samuel Windrom and Nettie E. Windrom executed two notes, each for the sum of $600.00, payable to Thomas B. Parker, or order, and due in one year, with interest at 8 per cent. To secure the payment of these notes the Windroms executed a mortgage upon lots 1414, 1415, 1416, 809 and 810, in the town of Dorchester, in Saline county. On the 24th day of August, 1881, a petition was filed by Grove N. Palmer in the district court of Saline county to foreclose the mortgage. It is alleged in the petition that the plaintiff purchased said notes and mortgage before they became due; that the entire amount of said notes, except the sum of $100.00, is due and unpaid. It is also alleged that there is an error or "mistake of all parties thereto in the description of the property sought and intended to be conveyed thereby, and at the time of making and acknowledgment of said mortgage deed, it was supposed, agreed, and understood by all the parties to the said mortgage deed that the premises thereby conveyed were the premises really known and described upon the recorded plat of said town of Dorchester, as lots numbered respectively 1205, 1206, and 1207," etc. It is also alleged that Adam N. Schuster, and others who are made defendants, "claim some interest in and to said premises by virtue of a writ of attach-

ment levied thereon in a certain action against said Samuel Windrom and Thomas B. Parker, now pending in this court, but the interest and lien of said defendants, if any they have, are subsequent and subject to that of the plaintiffs," etc.

To this petition, Schuster and the other plaintiffs in the suit in attachment, filed an answer, in which they allege " that on the 18th day of June, 1881, they began an action against said defendants, Samuel Windrom and Thomas B. Parker, to recover the sum of $420.35, and that an order of attachment issued in said action and was levied upon the lots described in the plaintiff's petition, and that said attachment is still in full force and undissolved," etc. There is also a denial of a mistake in the plaintiff's mortgage, and a claim that the lots in dispute should be subjected to the payment of the judgment in the attachment.

On the hearing the court found " from the petition and evidence herein, that there has been an error inadvertently made in the mortgage deed as described in the plaintiff's petition, and thereupon, there appearing no good reason why an order correcting said error should not be made, the same is hereby allowed and the said mortgage is hereby corrected to read as follows, viz: lots numbered 1205, 1206, 1207," etc.

None of the testimony is preserved in the record, and the only question before the court is, did the district court have authority, under the allegations in the petition and answer, to correct the mortgage? We think it had. Where there is an agreement to convey by certain boundaries, but the conveyance does not cover the entire premises, or conveys land not intended to be conveyed, it will be reformed according to the actual agreement, even in favor of an assignee. *Bently v. Smith*, 2 Keyes, 343, Moaks Note to Clark's Ch., 42. And the same rule applies to mortgages.

The appellants object to the petition because it fails to set forth what interest of the appellants is sought to be subjected, and the time when the appellants acquired their interest. The petition is very far from being free from objection, as it lacks clearness and directness in its statements, both as to the mistake and the interest of the appellants, but there is sufficient stated therein under the liberal rules of pleading established by the code to sustain a judgment. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.