Daniels, J.
The action was brought by the plaintiff, as the master of and owing a one-third interest in the brigantine Lola, for his share of the earnings of the vessel, between the years 1869 and 1874 inclusive. She was built and owned in Nova Scotia by the plaintiff and defendant and Joshua Snow, each of them owning an equal one-third interest. She was under the charge and direction of Freeman and Snow as ship’s husband, while she was navigated and managed by the plaintiff as her master. Snow died on the 8th of January, 1871, and during her management and navigation by the plaintiff her net earnings were remitted to the firm while it existed, and afterwards mostly to Nathaniel W. White, the executor of the estate of Joshua Snow. Proof was given upon the trial, of the business and earnings of the vessel, and of the plaintiff’s compensation as her master, and of the moneys remitted from her earnings to these respective parties. And according to the report, as well as the opinion of the referee upon the evidence, the defendant was probably proven to be indebted to the plaintiff. But while there is good reason to believe that a balance was established in his favor, his action was rejected and the complaint dismissed because of the informality or insufficiency of the complaint; the referee considering that it should have been for an accounting instead of, as it was, for the recovery of distinct sums of iponey.
As the complaint was first drawn, it alleged the statement of an account between the defendant and the personal representatives of Snow, and that a balance was found in his favor amounting to the sum of $2,318.16, which the defendant promised to pay. In the judgment of the referee the plaintiff failed to prove the truth of these allegations, and it was for that reason he considered that the action could not be maintained. But this was not all that was alleged in the complaint, as legal grounds for the plaintiff’s recovery." It was in addition thereto alleged in the original complaint that between the dates already mentioned the plaintiff advanced divers sums of money to the firm of Snow & Freeman on account of said brigantine Lola. It was further alleged that no part of the balance claimed had been paid. And by an amendment to the complaint, *276 allowed to be made by stipulation after the trial commenced before the referee, it was further stated that during the same time the plaintiff was the owner of one-third part of the vessel, and that the firm of Snow & Freeman, who were co-partners in business, owned the remaining two-thirds, and had received the net earnings on freight and otherwise, amounting to the sum of $13,473.63, of which one-third was justly owing to the plaintiff; that they had promised to pay that third to him, but had not done so. Another cause of action was also added, which does not require to be considered in the disposition of the appeal. For by the allegations made to present the other two causes of action it was distinctly set forth that the defendant and his partner had received from time to time sums of money from the earnings of the vessel, which, to the extent of one-third, should be paid over to the plaintiff, and that they had failed to make such payment These allegations are distinct and separate from those alleging a settlement of the accounts between the parties, and the deduction of a balance in favor of the plaintiff. And they present a clear and distinct right of action against the defendant for the recovery of the plaintiff’s one-third of the moneys, even though no statement of account had ever been made, accepted or settled.
The defendant by his answer also set forth the claims to which he considered himself entitled in the determination of this controversy, and with those allegations, having no connection with the statement of account, presented clear and distinct -issues to be tried and disposed of for the determination of the plaintiff’s rights. His complaint contained a statement of the money alleged to have been received by the defendant and his partner, and the sums claimed to be due and owing from them to the plaintiff, and proof of the payment of these sums, and of his compensation as master of the vessel indicated with reasonable, clearness the amounts demanded by him in the action. And if the referee was right in considering that no statement or settlement of account had ever taken place, the plaintiff was still entitled to maintain the action so far as it was included within these allegations, and they seem to have been sufficient to include all the relief that he could be entitled to by' any possibility in the suit. If the amounts stated to have been paid over were more than the defendant had received, or was liable to account for, the denial of the plaintiff’s right afforded ample scope, as well as the account made a part of the answer, for proof of these facts. And no difficulty accordingly stood in the way of hearing and determining and settling the rights of these parties under the pleadings which had been served in the action. And *277 when an issue of fact has been joined in this manner it is the duty of the court, or of the referee before whom the trial may be had, to hear and determine it as the issues have been, framed. Lewis v. Mott, 36 N. Y., 395, 398-9; Barlow v. Scott, 24 N. Y., 40, 45.
In Emery v. Pease (20 N. Y., 62), the plaintiff had informally set forth his right to recover a balance of account, as was more clearly done in the present instance, but that was held not to preclude him from proving and recovering in the action upon the other allegations of his complaint, the same as though this statement had not been made. What the complaint in this suit as it was amended did was to set forth two grounds of action, one dependent upon the earnings being in fact paid over and received by the defendant and his partner, and the other upon settlements and promises of payment of the balances. The failure to prove the latter in no manner affected the other allegations of the complaint, and they were sufficient to present the plaintiff’s right to recover upon the facts as they had transpired between these parties.
An attachment had been issued at the time of the commencement of the action under which a seizure of the defendant’s property had been made, and so far as the action was to recover for an accounting the attachment would be an improper proceeding. Thorington v. Merrick, 101 N. Y., 5.
And reliance has been placed upon this authority and those actions affirming the statement and settlement of the parties’ accounts. As there was sufficient outside of and beyond those allegations to present the plaintiff’s case intelligently and clearly, it should have been heard and decided on those allegations, although the others may not have been established by the proof. The judgment should be reversed and a new trial ordered, with costs to abide the event.
Brady and Bartlett, JJ., concur.