CHARLES E. WILKINS V. OLIVE M. REDDING ET AL.

FILED OCTOBER 21, 1903. No. 12,210.

1. **Replevin: PLEDGE: TENDER.** Where personal property is pledged to secure the payment of a debt, the pledger can not recover the property in a replevin action without paying or tendering the whole amount of the debt and keeping good the tender.

2. **Tender.** Where the amount of a debt is not in dispute, a tender of the amount is not bad because coupled with a demand for the return of the property, but must be kept good, though it may still be on the same condition; but where the amount of the debt is in dispute, a tender of any sum less than that claimed by the pledgee, though equal to the amount actually due, is not good if coupled with such a condition.

3. **Lien: FORFEITURE.** A pledgee does not forfeit his lien by unsuccessfully contending that the equity of redemption has been extinguished by contract or by a sale under his right as pledgee.

ERROR to the district court for Douglas county: WILLIAM W. KEYSOR, JUDGE. *Reversed.*

*Brome & Burnett* and *Charles F. Tuttle,* for plaintiff in error.

*Frank T. Ransom, Carl C. Wright* and *John F. Stout,* contra.

GLANVILLE, C.

The defendant in error, Olive M. Redding, brought an action of replevin in the district court for Douglas county to recover possession of a number of specified articles, claiming general ownership and right of possession thereof. Only one article was taken under the writ, but the action proceeded, without change of pleadings, as an action for damages under the statute as to property not taken by the officer, and as a simple action of replevin as to the property taken. The answer was a general denial. The parties will be called plaintiff and defendant, as they stood in the court below.

All the property in question had been placed in the possession of the defendant by the plaintiff, as security for money advanced. Counsel for the defendant, in his opening statement to the jury, recited the facts of the pledge, and also stated, that he thought the evidence would show that the plaintiff had, by agreement, surrendered her title to the property in consideration of the discharge of the debt secured by the pledge; and, while claiming title to the property for the defendant, also claimed that, upon failure to establish such title by the agreement above mentioned, then the defendant would be entitled to hold the property because of his lien thereon.

A motion was made to require him to elect which defense he would stand upon, and the court indicated that he should so elect at that time. This he declined to do, whereupon the court said: "If you say you do not want to elect, you may go ahead with the case and I will see what we will do when you offer the defense."

The trial proceeded, and evidence *pro* and *con* was freely taken, which unquestionably showed the pledge of all the

property involved in the action, and tended to show an agreement to pass the title of the property to the defendant in satisfaction of the debt secured by his lien thereon. Without further requiring an election on the part of the plaintiff in error, so far as the record shows, the court instructed the jury upon the theory that the only defense available to the defendant was that of general ownership in the property involved under the contract sought to be proved by him, and refused to instruct the jury, as requested by the defendant, upon the other theory of the case, that is, if he failed to prove title, he still had his lien.

The theory of the trial court seems to have been, and that of the plaintiff is, that the claim of defendant that he first held the diamonds as a pledge, and afterwards took the title in satisfaction of the debt, is an abandonment of his lien; that his defenses are inconsistent; that his claim of title, thus derived, extinguished his lien, though in fact the title had not passed in consideration of the release of the debt.

It is contended that the plaintiff may say, "The property is all mine, with right of possession," though she has not paid the pledge, and yet forfeit no right to redeem because she fails in her proof that all interest is hers; but that the defendant, if he says, "The property is all mine, with right of possession, because I had it first in pledge, and then by contract took it for the debt," forfeits his lien if he fails of his proof, or is mistaken as to his right as to the second contract.

If the owner of a chattel mortgage attempts to foreclose and extinguish the right of redemption, and claims to have done so, the claim is as inconsistent with that of an existing lien by virtue of his mortgage as that of defendant, that he has extinguished the right of redemption by contract is with the continued existence of his right as pledgee. Yet no case can be found where our court has made such a claim on the part of a mortgagee, who has failed in his attempt to extinguish the right of redemption, a forfeiture of his mortgage lien. *Coad v. Home Cattle Co.*, 32 Neb.

761; *Rockford Watch Co. v. Manifold*, 36 Neb. 801; *Buffalo County Nat. Bank v. Sharpe*, 40 Neb. 123; *Chaffee v. Atlas Lumber Co.*, 43 Neb. 224; *Callen v. Rose*, 47 Neb. 638.

Neither can any case be found where our court has held that one in possession of real property, making claim of title under void foreclosure proceedings, will be turned out of possession, until he has been paid the amount due on the lien sought to be foreclosed; nor a case where one claiming full title by deed absolute in form has been turned out without payment of the lien, when the deed is construed by the court to be only a mortgage.

Section 193 of the code provides:

"When the property claimed has not been taken, or has been returned to the defendant by the sheriff for want of the undertaking required by section one hundred and eighty-six, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper."

Under this, the plaintiff could proceed for damages only if she saw fit, but she is entitled only to such damages as are right and proper. Under this section, the action is not turned into one of trover; it is not permitted plaintiff to recover, unless the proof shows that defendant unlawfully detained the property at the commencement of the action.

In *Heidiman-Benoist Saddlery Co. v. Schott*, 59 Neb. 20, it is said in reference to the section last quoted:

"It does not justify a recovery without proof that the material averments of the petition are true. It does not change the rule that a litigant is entitled to affirmative relief only to the extent that the evidence sustains the facts alleged in his pleading."

The gist of the action remains the same, namely, the wrongful detention at the time of the commencement of the action.

By the testimony of the plaintiff herself, the money on the diamonds had been advanced from time to time, commencing early in 1898, in January or February. She never claimed to know the exact amount. She was quite positive

in her testimony that the amount for which one of the pieces of jewelry had been previously pledged was but $50. The evidence unquestionably shows that the defendant paid for her $157 to redeem it from the former pledge. By her own testimony she had never paid, or offered to pay, any money upon the claim except $12 at one time, which she asked him to apply as interest, and which she says he told her, afterwards, he took as interest.

Taking into consideration the entire evidence in the case, and the finding of the jury upon the evidence, we are not required to say that the defendant's claim of title was made in bad faith, nor that he, at any time, so insisted upon an absolute title that he was not willing to accept the entire amount due him upon his lien. The jury may have concluded that what he testified to as having taken place between him and the plaintiff, considering the apparent friendly relation between the parties at that time, and the plaintiff's willingness to redeem, while pleading inability to do so, and his unwillingness to accept the property instead of his debt unless he must, and the character of the property involved, was altogether too indefinite an arrangement to absolutely, and at all events, end her right to redeem. If his failure to establish his general title was because of the legal interpretation of what took place, his claim of ownership, based upon a wrong interpretation of what took place, could not have the effect of destroying his lien.

In *Lewis v. Mott,* 36 N. Y. 395, one Brown left sundry certificates with How to secure the payment of two notes. How sold the securities to Varnum. Varnum had notice of the manner in which How held the securities; and, to extinguish Brown's interest, attempted to sell, and bid them in himself; but no demand of payment had been made on Brown, nor notice of sale given to him. Brown, in writing, offered to Varnum to pay the notes, and demanded the securities. Varnum refused, and Brown assigned his claim to the plaintiff, who brought action against Mott and Varnum. The trial court held that there had been an

illegal conversion of the scrip by the defendant Varnum, and that he was liable as in an action of tort for the value of the property converted. This was reversed by the general term, and the opinion of the court of appeals sustaining the general term is in part as follows:

"There is a conclusive objection to the plaintiff's assignee recovering in this action as for a tort or illegal conversion. How, clearly, had a lien upon these securities for the payment of the amount of the two notes and interest. It must be conceded that Varnum, by the purchase of these securities from How, acquired at least the interest and lien of How, whatever that may have been; and plaintiff's assignee, to have entitled himself to a redelivery of these securities, must have tendered the amount of the lien. There was simply an offer to pay to Varnum the amount due upon these notes. It was unaccompanied by any tender of the amount due, and was insufficient to extinguish the lien and thus entitle Brown to the possession of the notes. He could not, clearly, maintain an action for conversion unless he was entitled to such possession. Until a wrongful detention after a demand and refusal were shown, there was no evidence of a conversion. The possession of Varnum in this aspect was lawful, and its character could not be changed until some act was done which made it unlawful longer for him to retain these securities. *Hall v. Robinson*, 2 N. Y. 293. A tender of the amount due on the two notes, assuming Varnum held them as the substitute of How, might have entitled Brown to the possession of the securities. But, clearly, on no theory was he entitled to them, except upon payment of the amount of the lien, or a tender and refusal. Such tender has not been made. The offer to pay is not the equivalent for an actual tender."

This case clearly holds that the attempted sale and purchase by Varnum, and his refusal to accept payment of the debt for which the securities had been originally pledged, evidently based upon his claim of title under the sale, did not destroy his lien. Another instructive case is that of *Talty v. Freedman's Savings & Trust Co.*, 93 U. S. 321.

That was an action of replevin brought for securities pledged to one Kendig. Kendig sold the securities outright to the defendant, before the maturity of the debt, for ninety-six per cent. of their face value. A few days before the maturity of his debt, Talty called on Kendig, and offered to pay the note, and demanded back his collateral. In stating the case, the court said:

"The facts lie within a narrow compass, and, except as to the one point, which, in our view, is of no consequence in this case, there is no disagreement between them."

The disagreement which the court held to be of no consequence in the case was that Kendig insisted that by agreement he was to have the right to sell or take the claim, if he chose to do so, at ninety per cent. and had a right to sell them absolutely as he did. Talty denied this and refused to settle upon such basis, and brought his action against the defendant for the securities pledged. The court instructed a verdict for the defendant. The supreme court, in affirming the judgment, said:

"Kendig was not a factor with a mere lien. He was a pledgee. The collateral was placed in his hands to secure the payment of the note. It was admitted by Talty that Kendig was authorized to sell it if the note were not paid at maturity. Kendig had a special property in the collateral. He was a pawnee for the purposes of the pledge."

The court then cite Story, Bailment, secs. 324, 327, quoting therefrom in part as follows:

"But if the pawnee should undertake to pledge the property (not being negotiable securities) for a debt beyond his own, or to make a transfer thereof to his own creditor, as if he were the absolute owner; it is clear that in such a case he would be guilty of a breach of trust; and his creditor would acquire no title beyond that held by the pawnee.

"Whatever doubt may be indulged as to the case of a mere factor, it has been decided, that, in the case of a strict pledge, if the pledgee transfers the same to his own creditor, the latter may hold the pledge until the debt of the original owner is discharged."

The court then cite with approval the case of *Lewis v. Mott, supra,* and continuing say: "The English law is the same," and cite *Donald v. Suckling,* L. R., 1 Q. B. 585, a case well in point, and held that the direction for a verdict for the defendant was proper. In the *Donald* case it was held: "A pledgee, who holds the pledge as security, may sell his interest therein. In such case the pledger can not recover the pledge of the purchaser without tendering to him the amount for which it was so held."

Another distinction which may be found in the case as to the necessity of a tender and keeping the tender good on the part of the pledger is between actions of replevin and actions for conversion; and it seems that to extinguish the lien so as to entitle the pledger to possession, there must be a valid tender kept good, but where there has been a conversion of the property by the pledgee, the pledger may sue for its value without tendering payment of his debt; this latter rule being based upon the proposition that to require a tender of the principal debt before action on the tort would be useless, as the amount of the debt is usually deducted from the damages. So, it seems to be held that want of tender of the debt in a possessory action will defeat the pledger's action, while, in an action for the value of the converted securities, want of tender will not defeat the action, because the debt is applied in mitigation of damages. See Colebrooke, Collateral Securities (2d ed.), secs. 165-167.

In a possessory action between mortgagor and mortgagee, this court held in *Tompkins v. Batie,* 11 Neb. 147, that an unconditional tender, kept good, is necessary to defeat the mortgagee's action, and that the evidence, "1 showed him $500, and told him he could have it for his claim," showed a conditional offer, unavailing as a tender.

If the property had been taken upon the writ in this action, the plaintiff, to recover, would have been required to prove a tender made and kept good; and as the pleadings and issues are the same when the action proceeds under section 193 of the code, only the recovery being dif-

ferent, she must maintain her action by the same proof and show that defendant wrongfully detained the property at the time the action was commenced, and, as the pledge was conceded, she must prove tender kept good. She has failed to do so, and the judgment must be reversed. In view of the above holding we have not thought it necessary to discuss the claim of error in the rulings upon the admissions of testimony, nor some other assignments of error of possible merit.

We recommend that the verdict be set aside, the judgment reversed, and the cause remanded for further proceedings in accordance herewith.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the verdict be set aside, the judgment of the district court reversed, and the cause remanded for further proceedings in accordance herewith.

REVERSED.