EMANUEL METZGER, as Receiver of the KINGSTON CHEMICAL MANUFACTURING COMPANY, Appellant, *v.* ÆTNA INSURANCE COMPANY, Respondent.

Third Department, March 5, 1919.

Insurance — fire insurance — suit to reform and recover upon policy — erroneous nonsuit — mutual mistake of fact — mistake induced by misrepresentation.

Where in an action to procure a reformation of a policy of fire insurance and to recover thereon as reformed it appeared that the policy was upon an unfinished building which was being erected and under its terms expired when the building became occupied, but that the president of the insured, who did not read the policy, upon asking the agent of the defendant whether the policy was written for a year, was answered in the affirmative, and it also appeared that after the building was completed and occupied to the knowledge of the insurer and its agent an additional premium was fixed on the policy which the insured refused to pay, and. there was no cancellation of the policy, it was error to grant a nonsuit at the close of the plaintiff's case, for, taking the facts most favorable to it, there was a mutual error regarding the terms of the policy which would have warranted a reformation thereof.

*It seems,* that, even if the president of the insured knew that a rider attached to the policy provided that it expired on the occupation of the building, if he was knowingly induced to believe otherwise there might be a reformation although the mistake was onesided.

APPEAL by the plaintiff, Emanuel Metzger, as receiver, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Ulster on the 2d day of April, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Joseph M. Fowler,* for the appellant.

*Ainsworth, Carlisle & Sullivan* [*Charles B. Sullivan* of counsel], for the respondent.

H. T. KELLOGG, J.:

This is an appeal from a judgment entered upon an order dismissing a complaint at the close of the plaintiff's case in an action to procure a reformation of a policy of fire insurance, and to recover on the policy as reformed the sum therein stipulated to be paid for a fire loss.

The subject of insurance was an unfinished building which was being erected by a corporation of which one Metzger was president. Metzger had called up a Mr. Fowler of Decker & Fowler, who represented the defendant, and asked him to write a policy on the building for $2,500. Fowler came to the office on June 9, 1916, with the policy in suit, and handed it to Metzger. Upon the outside of the policy, which was folded, there appeared the words, " Expires June 9, 1917." Metzger said to him, " This policy is written for a year? " to which Fowler replied, " Yes." Thereupon Metzger, without opening the policy or reading it, put it in the safe. Fowler said that he would have to charge a builder's risk rate because the building was not recorded in the underwriters, but that he would try to get the premium reduced. Annexed to the policy was a printed rider entitled, " Builder's Risk Clause," which provided that the policy covered the building described only while the bu lding was in process of erection, and that all liability thereunder ceased when the building became occupied. On July 5, 1916, Metzger obtained from Fowler another policy of the defendant for $1,500, to insure the building for one year. Within a few days thereafter the building was completed and became occupied. In the month of October, 1916, long after the building had become occupied, and accordingly long after the time when by the terms of the rider the original policy would have expired, Fowler asked Metzger if he was going to carry only $4,000 of insurance on the building. Later, in December, 1916, Decker & Fowler, as agents of the defendant, wrote Metzger inclosing indorsements to be attached to the two policies of insurance, and saying among other things: " You will see that the rate is increased a very large amount, however, we assume you will continue the policies,   *   *   *.   We are protecting your interest and await your further pleasure." The indorsement inclosed which was to be attached to the policy in suit, so far as material, described the policy with these words: " Amount $2,500, Rate 1.25, Term 1 yr. Expiration June 9, '17," and merely provided: " The rate on the above having been fixed at $5.00, an additional premium of $93.75 is hereby made." The indorsement made no reference to the rider, and no provision for the restoration of the policy. Metzger refused to pay

the additional premium, or to attach the indorsement. In October or November, 1916, inspectors of the defendant had come to examine the building for the purpose of determining the rate, and conferred with Fowler so that both Fowler and the defendant must have known prior to the sending of the indorsements to Metzger that the building was completed and occupied. After Metzger had refused to pay the additional premium Fowler said that he would have to cancel the policy, but no cancellation was ever made. On the 5th day of February, 1917, the building was destroyed by fire. These are the undisputed facts which were given by Metzger, the only witness who was sworn upon the trial. The complaint was dismissed, when plaintiff rested, on the ground that the policy terminated before the fire loss, and no case for reformation had been made.

A nonsuit having been granted, every fact must, of course, be viewed in that light which is most favorable to the plaintiff. We must accordingly regard it as established that the insured never knew the terms of the rider, and honestly believed that the policy was written for a year. We must, also, assume that Fowler was ignorant of the terms of the rider, and that his belief as to the duration of the policy coincided with that of the insured. That is inferable from his original statement to Metzger as to the term of the policy; from his subsequent description of the policy; from his words and conduct in treating the policy as continuing when according to the terms of the rider it had expired; from his statement that he would cancel it when already it was a canceled policy, and from various other facts which have been related. Accordingly it was proven that an error in relation to the terms of the policy was committed by both parties, and a reformation of the policy, by striking out the provisions of the rider, was called for in order to make it conform to the terms of the contract which was made. Even if Fowler knew that the rider made the provision which it did, and knowingly induced the insured to believe otherwise, there are authorities which, in the presence of facts properly pleaded and proven, might call for a reformation though the mistake was one-sided. (*Barlow* v. *Scott*, 24 N. Y. 40; *Welles* v. *Yates*, 44 id. 525; *Hay* v. *Star Fire Ins. Co.*, 77 id. 235; *Steinbach* v. *Prudential Ins. Co.*, 62 App.

Div. 133.) In any event the proof was sufficient to create an issue, and the dismissal at the close of the plaintiff's case should not have been granted.

The judgment and order should be reversed and a new trial granted.

All concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.