Jackson Terrace Homes, Inc., Plaintiff, *v.* Amelia A. Rottkamp, Defendant.

Supreme Court, Nassau County, March 23, 1942.

*Elvin N. Edwards* and *Alexander Zager* for plaintiff.

*Leon Lang* for defendant.

Stoddart, J. In this action the plaintiff, as vendee under a contract for the purchase of real estate, seeks a money judgment for the amount of its down payment, in addition to an adjudication that it has a lien upon the real estate. The plaintiff satisfied me that the defendant was unable to convey marketable title as there were at the time of trial unsatisfied liens of the New York State Transfer Tax and the United States Inheritance Tax. However, I believe that, by amending its complaint to eliminate the allegation that the " plaintiff is ready, and willing and hereby offers to pay the residue of the purchase money ", the plaintiff disaffirmed the contract and therefore

deprived itself of the right to a lien, which requires as a basis a " subsisting obligation, valid in its inception and still in force." (*Elterman* v. *Hyman,* 192 N. Y. 113, 126.) In view of the fact that neither party objected to the court's jurisdiction subsequent to the amendment, that each party had ample opportunity to submit any evidence relevant to the issues, and that the complaint demanded a money judgment, the court will, although refusing equitable relief, grant legal relief by awarding judgment to the plaintiff in the sum of $2,600 to cover the down payment and the expense of the title examination. (*Barlow* v. *Scott,* 24 N. Y. 40.) The counterclaim for specific performance is dismissed. No costs. Submit judgment on notice.