ALEXANDER C. LAWRENCE, Respondent, v. JAMES E. MAX-
WELL, Appellant.

Property pledged may, with the assent of the pledgor, express or implied,
be used by the pledgee in any way consistent with the general owner-
ship and ultimate rights of the former to have the property when the
lien shall be discharged.

Whatever right the pledgee may have ceases the instant the obligation
of the pledgor is discharged and the pledge is thereupon released. If the
property is then lawfully out of the possession of the pledgee, it is his
duty at once to regain the possession and restore it to the pledgor; and
a neglect or refusal to do this renders him liable to an action as for a
conversion of the property.

An authority in the pledgee to sell the pledge is inconsistent with the
contract of bailment, and a custom or usage will not avail thus to vary
the terms of the agreement.

Plaintiff pledged certain stock certificates to defendant, a gold and stock
broker, as security against loss in certain contemplated transactions in
gold, to be undertaken by the latter on account of the former. The
transactions having been closed and resulting in a loss, plaintiff tendered
to defendant the amount due him, and demanded a return of his certifi-
cates. Defendant refused to deliver them, stating he had not got them.
In an action for conversion defendant offered to prove a custom or
usage, known to plaintiff, by which brokers may use, by hypothecation
or otherwise, securities received by them as a margin on transactions of
the kind in question, which offer was overruled. *Held*, no error; that
the custom, if proved as offered, did not authorize a sale or any dispo-
sition of the stocks which would deprive plaintiff of his property or
his right to reclaim it; that at the time of the refusal defendant's lien
was discharged, and any right further or longer to use the stock was
gone; and that, therefore, the evidence offered was wholly immaterial.

(Argued May 8, 1873; decided May 20, 1873.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, affirming a judgment
in favor of plaintiff entered upon a verdict. (Reported below,
6 Lans., 469; 64 id., 102.)

This action was for the alleged conversion of certificates
for 400 shares of Atlantic Mail Steamship Company's stock.

The defendant was a gold and stock broker in the city of
New York. The stock in question was deposited on the 21st
December, 1866, with defendant by plaintiff as security

against any loss which the former might sustain on pur-
chases and sales of gold, to be made on account of the latter.
Prior to the 19th January, 1867, all the transactions on
plaintiff's account were closed. Defendant rendered his
account therefor, showing they had resulted in a loss, and that
there was due defendant the sum of $11,600.22. This sum
plaintiff duly tendered to defendant and demanded the return
of his certificates. Defendant replied that he could not give
them to him as he had not got them.

Upon the trial defendant offered to show a custom and
usage by which a broker was authorized to hypothecate or
otherwise use securities received by him as margin on trans-
actions like those in question, and that the plaintiff had
knowledge of such custom. The offer was overruled and
defendant excepted.

The court directed a verdict for plaintiff for the value of
the shares, deducting the amount due defendant. A verdict
was rendered accordingly.

*John E. Burrill* for the appellant. The court erred in
excluding defendant's offer to show the custom and usage in
such cases. (*Walls* v. *Bailey*, 49 N. Y., 473; *Pollock* v.
*Stables*, 12 Q. B., 765; *Lienard* v. *Dressler*, 3 Fost. & Ful.,
212; *Mollett* v. *Robinson* [L. R.], 5 C. P., 646; affirmed, 7
id., 84; *Markham* v. *Jaudon*, 41 N. Y., 239, 246, 252;
*Beardsley* v. *Davis*, 52 Barb., 164; *Helme* v. *Ins. Co.*, 61
Penn. St., 107; *Horton* v. *Morgan*, 19 N. Y., 170; S. C.,
6 Duer, 61; *Whitehouse* v. *Morse*, 13 Abb. Pr., 143; *Peck-
ham* v. *Ketcham*, 5 Bosw., 500; *Wadsworth* v. *Alcott*, 6 N.
Y., 64; *Esterly* v. *Cole*, 3 id., 502; *Hinton* v. *Lock*, 5 Hill,
438, 439; *Suydam* v. *Westfall*, 4 id., 211; *Fox* v. *Parker*, 44
Barb., 541; *Smith* v. *Marvin*, 27 N. Y., 140; *Dunham* v.
*Pettee*, 1 Daly, 112; *Ely* v. *N. H. Stbt. Co.*, 53 Barb., 207;
*Gibson* v. *Culver*, 17 Ward., 305; 2 Pars. on Cont., 186–196,
535–546; *Stanton* v. *Small*, 3 Sandf., 250; Story on Agency,
98–249; 1 Pars. on Conts., 54–61; *Rushforth* v. *Hadfield*, 7
East, 223; *Ex parte Deeze*, 1 Atkins, 223; *Ex parte Ocken-*

*den*, id., 234.) This evidence was not open to the objection that the custom sought to be established changed the law. (Story's Bailment, §§ 283, 284, 370, 415, 415 [*a*], 439; *Foster* v. *Pettibone*, 7 N. Y., 435; *Mallory* v. *Willis*, 4 id., 80.)

*W. W. MacFarland* for the respondent. No custom or usage in derogation of the common law is valid. (*Frith* v. *Baker*, 2 J. R., 327; *Brown* v. *Jackson*, 2 Wash. C. C., 24; *U. S.* v. *Buchanan*, 8 How., 83, 102; *West* v. *Ball*, 12 Ala., 340, 347; *Dewees* v. *Lockhart*, 1 Tex., 535, 537; *Sweet* v. *Jenkins*, 1 R. I., 150; *Hinton* v. *Locke*, 5 Hill, 437; *Donnell* v. *Col. Ins. Co.*, 2 Sumner, 267, 377; *Wheeler* v. *Newbould*, 16 N. Y., 393; *Markham* v. *Jaudon*, 41 id., 235; *Barnard* v. *Kellogg*, 10 How., 383.)

ALLEN, J. The counsel for the appellant does not controvert the elementary principle that custom or usage cannot avail to vary or alter the terms of an agreement as made, or its legal effect. Evidence may be given of a custom or usage in explanation and application of particular words or phrases, and to aid in the interpretation of the contract, but not to derogate from the rights of the parties, or to import into the contract new terms and conditions, or vary the legal effect of the transaction. (*Markham* v. *Jaudon*, 41 N. Y., 235; *Walls* v. *Bailey*, 49 id., 464.) The deposit of the stock certificates was a pledge, as a security for any balance that might be due to the defendant, resulting from the contemplated dealings in gold, and to indemnify him against loss. The relation of pledgor and pledgee was created, and the legal incidents to that relation followed. The right to sell the stocks, and to change the title absolutely would have been inconsistent with the contract of the parties, and the rights and obligations resulting from the transaction. The claim is that the usage and custom sought to be proved was not incompatible with the contract, and upon the ground that it did not destroy the essential characteristics of a pledge. The offer was to prove a custom and usage known to the

plaintiff, and which, therefore, entered into and formed a part of the contract by which brokers may use, by hypothecation or otherwise, securities received by them as a margin on transactions of the character of that between the plaintiff and defendant. This custom, if proved as offered, did not authorize a sale of the stock, or any use or disposition of it by which the pledgor could be deprived of his property. The use of the pledge contemplated by the custom embraced in the offer was only such as consisted with the rights of the pledgor to the property, upon making full indemnity to the pledgee, and would only affect the rights of the parties to the extent of permitting a hypothecation, or such other use of the pledge as should not destroy the property or right of property of the pledgor, or deprive him of the right to reclaim the pledge in specie.

Ordinarily, and in the absence of any agreement or assent by the pledgor, the pledgee would have no right to use the thing pledged, and a use of it would be illegal. But, under special circumstances, depending somewhat upon the nature of the pledge, and in all cases, with the assent of the pledgor, express or implied, the property pledged may be used by the pledgee in any way consistent with the general ownership, and the ultimate rights of the pledgor. (Story on Bailment, § 89 *et seq.*) An authority to sell the pledge would be inconsistent with the very essence of a bailment by way of pledge, as that recognizes the general property of the bailor and his right to redeem and have the thing pledged. If this action was for the wrongful use by way of pledge or otherwise, it would be material to inquire whether the custom offered to be proved was in derogation of the legal rights of the plaintiff and would change and vary the obligations of the parties and the terms of the contract. But the action is not for a conversion by a use or pledge of the stock, but for a refusal to redeliver the stock after the payment of the debt for which it was given in security. Whatever rights the pledgee may have during the continuance of his special property, when the obligation is discharged

and the pledge released the pledgor is entitled to the thing pledged. When the special property of the bailee ceases, the general owner may have his property, and if it has been converted by the bailee, or lost through his default or neglect, trover will lie. (Story on Bail., § 329, *et seq.*) The right of the pledgee to hypothecate the property pledged may deprive the pledgor of his remedy against third persons who have the property in possession, but will not affect the rights and remedies of the original parties to the pledge upon payment of the debt secured. The right to use, as well as the right to retain the pledge ceases the instant the lien is discharged by the tender or payment of the debt, or the performance of the covenant or engagement for which the security is given. When the offer and tender of payment of the debt was made to the defendant, the lien was discharged and the right of the plaintiff to his property became absolute. (*Kortright* v. *Cady*, 21 N. Y., 343; *Stoddard* v. *Hart*, 23 id., 556; *Franklin* v. *Neate*, 13 M. & W., 481.) Conceding the right to use the stock pledged, by way of hypothecation, or otherwise, as claimed, and that it was at the time of the tender and demand lawfully out of the actual possession of the defendant, it was his duty at once to regain the possession and restore the same to the plaintiff. A neglect or refusal to do so gave to the plaintiff an action as for a conversion of the property. (*Franklin* v. *Neate, supra.*) It is immaterial whether the stock was hypothecated by the defendant upon a loan of money for the benefit of plaintiff's transactions or for his own purposes. In either case the duty and the obligation were the same. The defendant conceded his inability to redeem the stock from his pledge or hypothecation, so that it was lost to the plaintiff by the act of the defendant, which was not a use consistent with a pledge, or the legal rights of the pledgor. It was not a mere temporary use of the pledge. No use of a pledge which could be authorized consistent with such a bailment could justify such a dealing with it as to destroy the property or deprive the general owner of his property in it. If the pledgee may use the thing pledged he

must do so at his peril, and so use it as not to affect the ultimate right and ability of the pledgor to have it again, when the lien shall be discharged. It follows that upon the undisputed facts in this case the evidence offered and rejected was wholly immaterial, for at the time of the demand and the refusal to deliver the stock pledged, the lien of the defendant was discharged, the relation of pledgor and pledgee had ceased to exist, and the right of the defendant further or longer to use or detain the stock was gone.

Whether the defendant might have retained the stock for a general balance due him is not in the case.

1. He made no such claim when the tender and demand were made. Had he claimed to hold the pledge for a larger amount than was tendered, *non constat* that the plaintiff would not have paid the additional sum.

2. It is very evident that there was no sum due or owing the defendant for which he could have retained this stock. It is true that there was a loan of money which defendant had negotiated for the plaintiff, but securities to a larger amount were pledged as security for it, and they were out of the possession and beyond the control of the defendant, and were sold for more than sufficient to repay the loan, the plaintiff at the request of the defendant consenting to the sale under an assurance that such sale would enable him to redeem and return to the plaintiff a portion of the stock in controversy.

The measure of damages was not made a point upon the trial except *pro forma* at the close of the plaintiff's case. There was no exception to the charge of the judge, and it was not urged or insisted upon by counsel in presenting the case to this court, and we therefore do not consider it.

The judgment must be affirmed.

All concur.

Judgment affirmed.