(17 App. Div. 181.)

WITHERBEE et al. v. WITHERBEE et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. RECEIVERS—APPOINTMENT—DISCRETION OF COURT.
　　A receiver for a partnership was appointed at the request of five-sixths of the interests in the partnership, the term of which had expired. The partners did not desire to continue in business as such, and before the making of the motion for appointment another action had been commenced for an accounting. *Held*, that the court properly exercised its discretion.

2. SAME—ACTIONS—LEAVE OF COURT.
　　It is improper for an order appointing a receiver to authorize him to prosecute and defend, without further order of the court, all actions, brought or about to be brought, pertaining to the partnership business.

Appeal from special term, Essex county.

Action by Walter C. Witherbee and another against Frank S. Witherbee and others, for an accounting and settlement of the affairs of the co-partnership of Witherbee, Sherman & Co., for sale and distribution of its assets, and for the appointment of a receiver. From an order appointing a receiver, defendants appeal. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Weeds, Smith & Conway (T. F. Conway, of counsel), for appellants.

Rowe & Van Kirk, for respondents.

H. D. Hoffnagle, for guardian ad litem.

HERRICK, J. The appointment of a receiver pendente lite rests very largely in the discretion of the special term; and, while this court has the right to review the exercise of that discretion, it will not interfere with it unless it clearly appears that the special term has mistakenly exercised or abused the discretion vested in it. In this case the term of the co-partnership has expired by its own limitation. The partners manifestly do not desire to continue business as a co-partnership. Representatives of five-sixths of the interests in such co-partnership requested the appointment of a receiver; and since the commencement of this action, and before the making of the motion wherein the receiver was appointed, another action has been commenced by persons having interests in such co-partnership, as part owners, asking for an accounting and settlement of the partnership affairs. Under these circumstances, and the other facts appearing in the record before us, it seems to me that the discretion of the special term in appointing a receiver was properly exercised. It is also within the power of the court to authorize the receiver to continue business for the time being, so as to hold it together, and keep its good will, until an opportune time arrives for its sale without any unnecessary sacrifice. And, while the terms in which that power is vested in the receiver in this case are somewhat broad, at the same time it must be borne in mind that it is something still entirely within the control of the court; and, if the receivership is unduly prolonged, the court may at any time direct him to close up the business, and dispose of the property. It seems to me, however, that that portion of the order which authorizes the receiver to prosecute and defend without the further order of the court all actions brought or about to be brought by or against said co-partners, or any of them, pertaining to said co-partnership business, and to retain the plaintiff's attorneys and counsel or other attorneys and counsel, as he may deem advisable, is improper, and its presence in the order was probably overlooked by the justice holding the special term at which the order was made. The rule requiring leave of the court to be obtained before the receiver can either sue or be sued is in order to prevent any unnecessary

waste of the assets in the receiver's hands in unnecessary litigation, and contemplates at least some investigation by the court of the propriety of the commencement of such suits before permission is granted; and to authorize in advance the commencement of suits without any knowledge of what they are for, or of the necessity thereof, is a complete nullification of the rule, and exposes the estate to the very thing that the rule was intended to guard against, and is improper practice. That portion of the order should be stricken out, and the order, as so modified and corrected, should be affirmed, without costs to either party of this appeal. All concur.