(89 App. Div. 395.)

CHANKALIAN v. POWERS.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. WITNESSES—EXPERTS—CROSS-EXAMINATION—STIPULATIONS—EFFECT.

A stipulation, as a condition of proceeding with trial, that plaintiff was competent to testify as to the value of the property in controversy, did not preclude defendant from cross-examining plaintiff on the subject of value.

**2. SAME—WHEN MAINTAINABLE—BREACH OF BAILMENT.**

Conversion will lie for the value of jewelry borrowed by defendant from plaintiff to be pawned by the former, under a promise to return it on a certain date, on defendant's failure to make the return on that date.

Goodrich, P. J., and Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by James M. Chankalian against Augustine J. Powers. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

M. Edward Kelley (John E. Connelly, on the brief), for appellant.

Martin T. Manton, for respondent.

JENKS, J.   I think that this judgment must be reversed for an error in a ruling upon the evidence. The action is for a conversion of jewelry. The plaintiff alone testified as to the value thereof. On cross-examination, he was asked, "Q. How do you fix the value of the lady's diamond ring?" This was objected to as admitted as a condition of going on with the trial, and the objection was sustained under exception. The record reads as follows:

"The Court: I understand your stipulation to be at the time this case was called that you would admit this plaintiff was competent to testify as to the value of these articles. Defendant's Counsel: My statement was that I would not object to the witness on the ground that he was not qualified to testify as an expert, but I do not understand that that limits me or cuts off the right to cross-examine the witness, because that is my right, and no witness is exempt from cross-examination by his adversary. The Court: Under that stipulation, because this gentleman said that he was not ready because he did not have the expert witness to testify as to the value of these things you said that you were willing that this witness should testify as to their value? Defendant's Counsel: Yes, but with the same right to cross-examine him as any other expert. The Court: If there is any other question, you may examine him as to that, but you are concluded by his testimony as to the value of these articles under the stipulation you have made. (Defendant excepts.)"

I think that the stipulation that the witness was competent to testify as to value did not preclude the defendant from cross-examination upon that subject. Admission of competency is not admission of infallibility or integrity. The admission went no further than to qualify the plaintiff as an expert. But I know of no rule that frees experts from cross-examination. As the plaintiff's testimony was the sole direct testimony as to value, and as the verdict represents very closely the values given by the plaintiff, with interest from the time of the alleged conversion, it is quite evident that the testimony in question was controlling.

In view of the new trial, it may be pertinent to notice the main contention of the appellant. The action is for conversion. The case of the plaintiff is that the defendant borrowed certain jewelry to raise money at a pawnbroker's, and that he has never returned the jewelry. The main contention of the defendant appealing is that the remedy of the plaintiff is on breach of contract. This point was presented

by various exceptions on the record. The learned counsel for the appellant relies upon the fact that the defendant lawfully received possession of the jewelry for the specific purpose of pledging it, and he argues that, as the defendant did what he was expressly authorized to do, there was no conversion, but that at most the defendant broke his contract. But the plaintiff testifies that the defendant, at the time of the borrowing, promised that he would return the jewelry on Monday morning, or on demand, and that a demand was made for the return on Monday morning. If this be true, then the jewelry was lent to the defendant that he might pawn it until that Monday morning under the promise that he would return it then, or upon demand. The pawn of the jewelry was but a bailment, and the defendant could have regained the property upon discharge of his debt to the pawnee. I think that the language of Allen, J., in Lawrence v. Maxwell, 53 N. Y. 19, 23, is in point. By the plaintiff's version, the plaintiff virtually said to the defendant, "I will lend you this jewelry that you may raise money on it by pledge until next Monday morning," and the defendant received it under such conditions. This did not authorize the defendant to pledge it so that he could not return it at that time. When he pledged it, he did not convert it, but when he did not return it at the agreed time he converted it. It is not material whether it was in his hands or in the hands of the pawnee. If he left it in the hands of the pawnee beyond Monday morning, then he departed from his authority, for, of course, redemption was preliminary to its return to the plaintiff. I can see no difference in principle between this case and the familiar case of the horse hired to go upon a certain journey and driven beyond it (Wheelock v. Wheelwright, 5 Mass. 104), or the sale by the factor (Scott v. Rogers, 31 N. Y. 676). These cases are cited in Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184.

The judgment and order should be reversed, and a new trial be granted; costs to abide the event.

BARTLETT and HIRSCHBERG, JJ., concur. GOODRICH, P. J., and HOOKER, J., dissent.