### MARGULIES v. GOLDSTEIN et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. TENDER—FAILURE TO PAY MONEY INTO COURT—EFFECT—ERRONEOUS SUBMISSION TO JURY.

Where defendants plead a tender before suit of a sum which they "hereby pay into court," but do not in fact pay any money into court until seven days after their original answer, and one after their amended answer, are served, the court should hold the tender bad in law, and not submit the issue of its sufficiency to the jury.

2. SAME—APPEAL—PROPRIETY OF REVERSAL.

Where plaintiff sues for $118, and defendants plead a tender of $73, which is bad in law, and, on submission of the issue of the tender's sufficiency to the jury, recover a verdict and judgment, and it does not appear from the record what else was submitted, the judgment must be reversed.

Appeal from City Court of New York, Trial Term.

Action by Moses Margulies against Max Goldstein and others. From a judgment for defendants and the denial of a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Joseph Wilkenfeld, for appellant.

Steuer & Hoffman, for respondents.

GREENBAUM, J. This action was brought to recover the sum of one hundred and eighteen and $80/100$ dollars ($118.80) for work, labor, and services rendered.

By their amended answer the defendants pleaded, as a defense to the plaintiff's demand, facts tending to show that there was but

$73.60 due the plaintiff, which sum it is alleged the defendants tendered to the plaintiff before suit, and "which sum these defendants hereby pay into court as the amount of their tender." Upon the trial it appeared that the amount of the alleged tender was not paid into court by the defendants until the day following the service of the amended answer, and seven days after the service of the original answer, which contained the same allegation with reference to tender. "The rule is well settled that a tender before suit brought, to be available, must not only be pleaded, but the defendant, before or with his plea, must pay the money into court, so that it may be subject to the plaintiff's order." Becker v. Boon, 61 N. Y. 322; Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688; Taylor v. The Brooklyn Elevated R. R. Co., 119 N. Y. 561, 23 N. E. 1106. It is apparent, therefore, that the tender before suit was not available to the defendants in this case, and the trial court should have so held as a matter of law.

Though the entire charge to the jury is not contained in the record before this court, sufficient appears to show that the question of the sufficiency of the tender was left to the jury. This was manifest error. Plaintiff having sued for $118.80, and it not appearing what was submitted to the jury besides the question of sufficiency of the tender, the judgment for the defendant should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.