### In re MILLS et al.

(Supreme Court, Special Term, New York County. January 6, 1908.)

1. CORPORATIONS—STOCK—PLEDGES—PAYMENT OR OTHER DISCHARGE OF DEBTS.
   Where stock is held by a broker as security for margins, a tender of the amount due and a demand for the delivery of the stock terminates the right of the broker to keep the security, and vests the right of possession in the owner.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—PROPERTY IN HANDS OF ASSIGNEE—CLAIMS OF THIRD PERSONS.
   A stockbroker holding stock for safe-keeping, and also other stock pledged to him to cover margins, pledged it all to a bank to secure a loan to himself, and subsequently assigned for the benefit of his creditors. The bank sold sufficient of the collateral to pay its claim, including the stock held for safe-keeping, and returned the remaining collateral to the assignee, including the stock placed with the broker owned by two persons who had before the assignment tendered the amount due from them and demanded their stock. Held, that all the stock returned should be sold by the assignee, and the proceeds divided among the owners of the stock held for safe-keeping and of the margin stock on which tender had been made, in proportion to the actual equity of each owner in the stock.

Motion by Edward Harding, assignee of Mills Bros. & Co., for directions as to the disposition of certain securities. Motion granted.

Douglas Campbell, for petitioner.
MacFarlane, Taylor & Costello, for respondent Beach.
Noble, Jackson & Hubbard, for respondent Henck.
Hoge & Humphrey, for respondent Townsend.

107 N.Y.S.—67

GIEGERICH, J. This application, made by the assignee of a firm of insolvent stockbrokers for directions as to the disposition of certain securities now in his possession, presents interesting questions. While still doing business, and before its failure, the petitioner's assignor pledged with the Colonial Bank of New York various securities as collateral to a note which, with interest, amounted to $35,004.86 on the 22d day of August, 1907; the latter being the date of the failure and assignment. Most of the stocks pledged as collateral on this loan were being carried for various customers of the firm on margin. Three hundred shares of United States Steel common stock, however, belonged to one Mrs. Adelaide Thaw Beach, free of any lien or charges; she having left it for safe-keeping with the said brokers. The market value on August 22, 1907, of all the securities thus pledged as collateral aggregated about $42,965.72. Enough of the stock was sold to satisfy the loan. Among the securities so sold were 300 shares of United States Steel common stock owned by the said Adelaide Thaw Beach, and the price realized for these 300 shares was $9,337.50. Among the securities delivered to the petitioner, the market value of which on August 22, 1907, aggregated $6,700, were securities which were being carried for customers on margin, or which were owned by the customers and had been deposited by them to secure their trading accounts.

Prior to the assignment made by the brokers to the petitioner, two of the customers, Henck and Townsend, who were carrying stocks on margin or had deposited stocks as security, respectively made or caused to be made to the brokers a tender of the amount due and a demand for delivery of the stocks; but the tender was rejected and delivery was refused. This tender and demand terminated the right of the brokers to retain the securities and vested in the customers an immediate right of possession. Lawrence v. Maxwell, 53 N. Y. 19; Kortright v. Cady, 21 N. Y. 343, 78 Am. Dec. 145; Stoddard v. Hart, 23 N. Y. 556; Douglas v. Carpenter, 17 App. Div. 329, 45 N. Y. Supp. 219; Matter of Pierson, 19 App. Div. 478, 46 N. Y. Supp. 557; Field v. Sibley, 74 App. Div. 81, 77 N. Y. Supp. 252; Rothschild v. Allen, 90 App. Div. 233, 86 N. Y. Supp. 42; Sheridan v. Presas, 18 Misc. Rep. 180, 41 N. Y. Supp. 451; Whitlock v. Seaboard Nat. Bank, 29 Misc. Rep. 84, 60 N. Y. Supp. 611. Upon such tender and demand and refusal Henck and Townsend stood on an equal footing with Mrs. Beach, so far as concerned their right to their stock or to the proceeds thereof. Rhinelander v. Nat. City Bank, 36 App. Div. 11, 55 N. Y. Supp. 229. In the latter case, which was quite similar in many of its features to the present one, it was held that the equity of a customer who was the absolute owner of stocks unincumbered by any lien in favor of the firm of brokers, which held them merely on deposit for sale and until sold for safe-keeping, was not superior to that of other claimants whose stock was held by the firm as pledgee, where it appeared that on the failure of the firm all that was due to it from the other claimants was duly tendered, and that neither the firm nor its assignee could deliver the specific shares or an equivalent number. The court further held that upon tender, demand, and refusal the pledgee's right to the securities was lost, and that such securities, be-

ing released from the lien of the pledge the proceeds thereof in the hands of the bank, were also released from any claim of the pledgee firm, and that the fund was distributable among the customers proportionately, and that the assignee had no right to any part of it. Another customer, Browning, claims equities, but his position is inferior in my judgment to that of the customers named above, because of his failure to make any tender when he demanded that his stock be delivered to him.

In Tompkins v. Morton Trust Co., 91 App. Div. 274, 86 N. Y. Supp. 520, affirmed upon opinion below 181 N. Y. 578, 74 N. E. 1126, the converse of the present situation was presented. There the stocks of customers upon which the brokers had a lien for advances made, and which they had a right to hypothecate in order to raise money were sold, and a claim was made by such customers for contribution from a customer who had left stock with the brokers for safe-keeping merely, just as Mrs. Beach did in the present case, and which stock was pledged with the securities of the other customers, but which was not sold when the trust company which made the loan disposed of enough of the collateral to satisfy its demand. The situation of the customers who owed the brokers upon their stock in that case was not the same as in this, however, because there it would appear that no tender had been made of the amount due. This difference alone is enough to distinguish that case from the present one. There is another difference which might, if necessary, be deemed of controlling importance, and that is that in the case just cited customers whose stock the brokers had a right to pledge and whose stocks had been sold sought contribution against another customer whose stock the brokers had no right to pledge and which had not been sold, while in the present case a customer, who was the absolute and unincumbered owner of stocks which were deposited merely for safe-keeping and wrongfully pledged by the brokers and later sold, seeks contribution, or, to state her claim as broadly as it is made, exoneration, at the expense of other customers whose stocks were rightfully pledged by the brokers, but which, by the accident of circumstance, were not reached when the bank which made the loan sold enough of the collateral to satisfy the amount due it.

There seems to be no case reported that is directly in point. Rhinelander v. Nat. City Bank, above cited, was similar in some of its features; but there the question was not one of contribution, or exoneration or subrogation, but merely that of the right of various customers to the balance of moneys arising from the sale, all of the securities, deposited as collateral having been disposed of. My conclusion is that an equitable disposition of this matter will be to direct a sale of the securities turned over by the bank to the assignee and the division of the proceeds among the three customers named above, proportionately to the value of their respective interests on the 22d day of August, 1907; that is to say, Mrs. Beach's share will be based upon the value of $9,337.50, the amount realized from the sale of her stock, and Mr. Henck's and Mr. Townsend's shares will be based, respectively, upon the excess of the value of their stocks on that date over and above the amounts owed thereon by them.

Motion granted as indicated, with $10 costs to the petitioner.