THE UTICA CITY NATIONAL BANK, Respondent, *v.* BRENTON
H. PENWARDEN, JR., Defendant, Impleaded with HARRY
A. FOX, Appellant.

Fourth Department, November 14, 1917.

Bills and notes — action against copartners jointly liable on prom-
issory note — pleading — defense — judgment in prior action
against one defendant on same note — demurrer — costs.

Where, in an action upon a promissory note made by the defendants as
copartners and in their firm name, it appears from the complaint that
the defendants made the note payable to their own order and then
indorsed the same and delivered it to the plaintiff for value, a judgment
in a prior action by the plaintiff against one of the defendants, founded
upon the same note, is a bar.

A judgment against one of several joint debtors in an action against him
alone is a bar to an action against his cojoint debtors.

An answer alleging such defense is not defective upon demurrer because
it does not allege that the judgment was upon the merits.

Where the argument of a demurrer is brought on by motion, only motion
costs should be allowed.

APPEAL by the defendant, Harry A. Fox, from an inter-
locutory judgment of the County Court of Oneida county,
entered in the office of the clerk of said county on the 27th day
of April, 1917, sustaining a demurrer to an affirmative defense
in the answer and also from an order entered in said clerk's
office on the 16th day of April, 1917, pursuant to which said
judgment was entered.

*W. J. B. Williams,* for the appellant.

*Lynch, Willis & Titus,* for the respondent.

KRUSE, P. J.:

The action is brought upon a promissory note made by the
defendants as copartners and in their firm name. According
to the allegations of the complaint the defendants made the
note payable to their own order and then indorsed the same
and delivered it to the plaintiff for value. It, therefore, appears
that their liability was joint.

Paragraph 7 of the answer, to which plaintiff's demurrer was

sustained, sets up as a defense that the plaintiff commenced an action against the defendant Penwarden founded upon this same note in the Supreme Court; that thereafter judgment was entered in that action in the office of the clerk of Oneida county against the defendant Penwarden for the amount of the note and costs, stating the amount; that the judgment roll was filed and the judgment was duly docketed in said clerk's office; that an execution has been issued and returned wholly unsatisfied; that the judgment has not been paid, canceled or set aside, concluding with the allegation that the judgment is a bar to the action. While the last statement is a mere conclusion, it characterizes the nature of the defense.

I think in the absence of any facts to avoid the effect of this judgment it is a bar to the action. The general rule is well settled that a judgment against one of several joint debtors, in an action against him alone, is a bar to an action against his cojoint debtors. (*Candee* v. *Smith*, 93 N. Y. 351; *Heckemann* v. *Young*, 134 id. 173; *Weston* v. *Citizens' Nat. Bank*, 88 App. Div. 335.) There may be exceptional circumstances which would take it out of the general rule, as was the case in the last two cases above cited, but if so, they do not appear upon the face of the pleading.

The county judge applied the general rule, but was of the opinion that the answer was defective, because it did not allege that the judgment was upon the merits. I am unable to see how that can be so. The judgment recovered is for the amount of the note. If the complaint had been dismissed there might be force in that suggestion. Section 1209 of the Code of Civil Procedure and the case of *Patchen* v. *D. & H. C. Co.* (62 App. Div. 544), cited to support the ruling of the county judge, would apply.

I think the order should be reversed and the judgment entered thereupon set aside. The argument of the demurrer was brought on by motion, so only motion costs should be allowed. The order should be reversed, with ten dollars costs and disbursements, and an order should be entered overruling the demurrer, with ten dollars costs, with leave to the plaintiff to withdraw its demurrer within twenty days upon pay-

ment of ten dollars costs of the motion and the costs of this appeal.

All concurred.

Order reversed, with ten dollars costs and disbursements, the judgment entered thereon set aside, and the demurrer overruled, with leave to the plaintiff to withdraw its demurrer within twenty days upon payment of the costs of this appeal and ten dollars costs of the motion.