Charles Rush and Others, as Executors, etc., of Reese Carpenter, Deceased, Appellants, *v.* Albert F. Wagner, Doing Business under the Trade Name of C. & W. Specialty Company, Respondent.

Second Department, July 31, 1918.

Replevin — contract — evidence establishing failure to perform — bailment — tender discharging lien — when tender extinguishes debt and relieves from liability for costs.

In an action in replevin to recover possession of an automobile which had been delivered to the defendant to make some repairs thereon, evidence examined, and *held,* to establish defendant's failure to perform and also to establish a second contract by the defendant to make repairs.

A tender of the amount due discharges the lien upon an automobile for repairs made thereon but does not discharge the debt.

A tender in order to extinguish the debt or relieve from liability for costs and interest must be kept good by paying the amount into court.

APPEAL by the plaintiffs, Charles Rush and others, as executors, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 13th day of November, 1917, upon the decision of the court after a trial at the Westchester Special Term.

The judgment granted defendant a recovery against the plaintiffs on his second counterclaim. It also dismissed the complaint and awarded defendant control and possession of a certain automobile and a lien thereon. ·

*Michel Kirtland*, for the appellants.

*Moses Morris*, for the respondent.

JAYCOX, J.:

The plaintiffs' testator, Reese Carpenter, instituted this action in replevin to recover possession of an automobile which had been delivered to the defendant to make some repairs thereon. The agreement for the repairs was in writing and provided for repairs to the motor for approximately the sum of $500. The defendant claims that during the time these repairs were being made, another contract was made by which the defendant was to repair the car generally and be paid the reasonable value of the labor and materials furnished. After the repairs were completed, there was a dispute as to the amount due, and the plaintiff made a tender of $700, and upon the defendant's failure to accept that sum and deliver the automobile, this action was instituted. The proof as to the performance of the original contract shows conclusively that the defendant failed to perform and the court below so found. The proof as to the second contract consists of the testimony of an employee of the defendant, who testifies to hearing a conversation between Reese Carpenter and the defendant in which the defendant pointed out the necessity of the repairs, and in reply to questions said he could not tell how long it would take or how much it would cost.

" The only way he could do it was by time and material."
To this Mr. Carpenter replied, " all right." The learned
court below, with the advantage of seeing the witnesses, has
found that this constituted an employment, and I see no
reason to disturb that conclusion. The amount found to be
due to the defendant under the second contract is $564.42.
The plaintiffs having tendered the sum of $700, they contend
that the defendant's lien for work done upon the automobile
was discharged. The defendant, on the other hand, insists
that the lien could only be discharged by keeping the tender
good and paying the money into court.

I think the law is well settled that a tender of the amount
due discharges the lien; the debt, however, remains. (*Kort-right* v. *Cady,* 21 N. Y. 343; *Tuthill* v. *Morris,* 81 id. 94; *Cass*
v. *Higenbotam,* 100 id. 248, 253; *Werner* v. *Tuch,* 127 id. 217;
*Nelson* v. *Loder,* 132 id. 288; *Schieck* v. *Donohue,* 77 App.
Div. 321; *Lawrence* v. *Maxwell,* 53 N. Y. 19; *Matter of Mills,*
57 Misc. Rep. 315.) If the plaintiffs desired to extinguish the
debt or relieve themselves from the liability for costs and
interest, then it was necessary that the tender be kept good by
paying the amount into court. (*Becker* v. *Boon,* 61 N. Y.
317; *Halpin* v. *Phenix Ins. Co.,* 118 id. 165; *Tuthill* v. *Morris,*
*supra; Railway Advertising Co.* v. *Posner,* 31 Misc. Rep. 783;
*Falkenberg* v. *Bash,* 33 id. 607; *Margulies* v. *Goldstein,* 85 N. Y.
Supp. 1024.) In *Halpin* v. *Phenix Ins. Co.* (*supra*), speaking
of a tender that has been kept good by payment into court,
it was said: " The effect of the tender is to stop interest and
prevent costs, and to be effectual for such purpose must be
kept good by the debtor, and whenever he seeks to make it
the basis of affirmative relief, it must be paid into court, where
the creditor can get it, and that fact alleged in the pleadings.
It then becomes the creditor's money, and the debtor cannot
dispute his right to it." In this case, therefore, the tender
was sufficient to discharge the lien, but not to prevent liability
for interest and costs.

The judgment herein provides that the defendant is entitled
to a lien upon the automobile until the amount of the judgment
is paid. If I am correct in my conclusion that the tender
discharged the lien, then the defendant is not entitled to this
relief.

The judgment should be modified by striking out the provision giving the defendant a lien upon the automobile, and as so modified affirmed, without costs to either party.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Judgment modified by striking out the provision giving the defendant a lien upon the automobile, and as so modified affirmed, without costs to either party.