Sabin C. Schummers, Plaintiff, *v.* Joseph B. Martin, Defendant.

(Supreme Court, Monroe Special Term, May, 1921.)

Conversion — automobiles — hiring — right of possession.

> Where on the trial of an action for the conversion of an automobile it was proved, as alleged in the complaint, that the car at a certain time had been rented to a corporation and under a charge that there was a question of fact as to whether the lease made with the corporation was subsisting when the alleged conversion occurred, and whether plaintiff was enitled to possession of the car at that time, the jury found for the defendant, a motion for a new trial on the minutes because of the trial court's refusal to charge that plaintiff could not recover if the jury found that the corporation did not have the right to the possession of the automobile, will be denied.

Motion for new trial on the judge's minutes.

Leo J. Rice, for motion.

Lewis A. Gilbert, opposed.

Rodenbeck, J. This action is one to recover damages for the conversion of an automobile. It is alleged in the complaint and appeared on the trial that at a certain time the machine had been rented to the James F. Leary Construction Company, Inc. The question arose on the trial as to whether or not the plaintiff was entitled to the possession of the car at the time of the alleged conversion. The defendant claimed a lien on the car for repairs and sold it under his lien. The question of the right of the plaintiff to the possession of the car was submitted to the jury who determined the question against the plaintiff and found a verdict for the defendant. The

plaintiff now claims that his ownership of the car was sufficient to authorize him to maintain the action. In this claim he is mistaken. As was said by Mr. Justice Jenks in *Byrne* v. *Weidenfeld,* 113 App. Div. 451, in an action for conversion, the plaintiff is required " to show an existing right to the immediate, actual possession " of the property out of which the action arose. The action for conversion is a possessory action. If the plaintiff is not entitled to possession even though he be the owner of the property, be cannot maintain the action. " Trover may be brought by any one whose ownership of, or special interest in, the property involved entitles him to the immediate possession thereof at the time of its conversion." 38 Cyc. 2050. Where the plaintiff has leased the property to another who is in the lawful possession thereof at the time of the alleged conversion, the plaintiff is not entitled to immediate possession and is therefore not entitled to maintain the action. Similar language to that quoted above from the Cyclopedia of Law is found in the American and English Encyclopedia of Law (Vol. 28, p. 659): " Whoever has the legal title to chattels and right to their possession may maintain trover for their wrongful conversion." 28 Am. & Eng. Ency. of Law, 656. " To maintain trover the plaintiff must have a property right in the goods or chattels converted, and the actual possession of them or a right to the possession at the time of conversion." 2 Wait's Law & Pr. 1362; *DuBois* v. *Harcourt,* 20 Wend. 41.

In view of the charge of the court previously made the court was not required to charge as requested that the defendant could not recover if the jury found that the Leary Construction Company did not have the right to the possession of the automobile. The jury clearly understood that there was a question of

Surrogate's Court, Bronx County, June, 1921.   [Vol. 115.

fact as to whether or not the lease made with the Leary Construction Company was in existence when the alleged conversion occurred and whether or not the plaintiff was entitled to possession at that time. No further charge on the subject was necessary. The jury could not have been misled by the charge of the court and the refusal to charge as requested as was the case in *Johnson* v. *Blainey,* 198 N. Y. 312. The motion for new trial is denied.

Motion denied.