STEPHEN ROGERS, as Receiver, etc., Plaintiff, *v.* JOHN LANDERS, Defendant.

Supreme Court, Cayuga County, November 11, 1926.

Partnership — dissolution — action by receiver for conversion of partnership property — defendant purchased property on execution sales and sold portion thereof prior to appointment of receiver — property sold at execution sales was partnership property — title to property did not pass to plaintiff as receiver prior to appointment — defendant not liable for failure to turn over property sold prior to appointment of receiver — receiver entitled to possession of property in defendant's possession at time of appointment — objection that plaintiff is without legal capacity to sue waived where motion was not made within twenty days after service of complaint. (Civ. Prac. Act, § 278; Rules of Civ. Prac. rule 106.)

In an action by the plaintiff as receiver of a copartnership, appointed in an action for dissolution, for the alleged conversion of partnership property, which the defendant purchased on execution sales predicated upon judgments obtained against individual members of the copartnership, said plaintiff is not entitled to the return of a portion of the property purchased and sold by said defendant to a third person prior to the appointment of said plaintiff as receiver, since title to that portion of the property did not pass to the plaintiff as receiver prior to his appointment. However, defendant is liable for his failure to turn over to the plaintiff, upon demand, $700 worth of the property still remaining in defendant's possession, since said plaintiff, upon appointment, became entitled to immediate possession of the property as the representative of the firm in which is vested the legal title to said property.

The fact that the plaintiff did not first procure an order of the court before maintaining the action herein will not preclude him from recovering on the ground that he is without legal capacity to sue, since that objection having appeared upon the face of the complaint must be deemed to have been waived where defendant failed to move thereon within twenty days after service of the complaint. (Civ. Prac. Act, § 278; Rules of Civ. Prac. rule 106.)

ACTION by receiver for alleged conversion of partnership property.

*Parker & Parker* [*Amasa J. Parker* of counsel], for the plaintiff.

*Frank S. Coburn*, for the defendant.

CUNNINGHAM, J. An action was commenced by William Hazlitt for the dissolution of the partnership claimed to exist between him and his brother, James Hazlitt, under the name of Hazlitt Brothers. In that action Stephen Rogers was appointed receiver of the partnership property.

The receiver is the plaintiff in this action and seeks to recover against the defendant for the alleged conversion of the property of the partnership.

The defendant in 1922 recovered judgment against James Hazlitt.

individually and also obtained another judgment against William Hazlitt individually. Executions on these judgments were issued to the sheriff who levied on certain quantities of bones of dead animals which had been rendered and prepared for market. On the execution sales had on October 28, 1922, the property was sold to the defendant, who thereupon took possession of the same. Before the appointment of the receiver the defendant sold a portion of such property to a third person and still retains in his hands the remainder thereof.

The receiver served a written notice upon the defendant demanding the return of all the property sold to him by the sheriff under the executions.

The plaintiff claims that the bones so sold under the executions were partnership property; that the title of the partnership was not divested by such sales and that the defendant has unlawfully converted the same to his own use. The defendant denies that a partnership existed between the Hazlitt Brothers and claims that the chattels sold to him were not partnership property.

A special verdict was returned by the jury determining all the controverted questions of fact. (Civ. Prac. Act, §§ 458, 459.) It was found upon sufficient evidence that James Hazlitt and William Hazlitt were copartners; that the bones sold to the defendant under the executions were partnership property; that the value of the bones so sold was $1,900 and that the value of the portion thereof still remaining in the defendant's possession is $700.

It seems to me that it must first be determined whether or not an action for conversion will lie against the defendant as to the portion of the bones which he sold previous to the appointment of the receiver.

Upon the sale by the sheriff, under executions against the individual members of the partnership, the defendant obtained only the interest the individual partners might have in any surplus remaining after the payment of the firm debts and the settlement of all accounts. The title to the corpus of the partnership property so sold remained in the firm. (*Menagh* v. *Whitwell*, 52 N. Y. 146.)

However, under the executions, the sheriff had the right to take possession of the property and to deliver the same to the defendant. (*Smith* v. *Orser*, 42 N. Y. 132; *Atkins* v. *Saxton*, 77 id. 195, 199.)

The partnership property seized by the sheriff under the executions against the individual partners could be released from the levy only upon the filing of an undertaking. (Civ. Prac. Act, §§ 690, 691.)

A creditor having no execution or judgment has no lien upon the

14

personal property of the partnership. (*Saunders* v. *Reilly*, 105 N. Y. 12, 17.)

The creditors who sued and recovered against one member of the firm individually have no claim upon the partnership assets as they are concluded by their judgments. (*Utica City National Bank* v. *Penwarden*, 180 App. Div. 448.)

Although the title to the bones remained in the firm, notwithstanding the sales under the executions, still the right to the possession thereof, which had previously been enjoyed by the members of the firm, passed to the defendant. Previous to the appointment of the receiver the defendant was the only person entitled to take and hold such goods.

The defendant was lawfully in possession of the bones and as to the portion sold to a third person, the theory of the plaintiff must be that by such sale he converted the same to his own use. But at that time neither the plaintiff nor those whom he represents was entitled to the possession of such property.

An action for conversion will not lie unless, at the time of the alleged conversion, the plaintiff or the one under whom he claims was entitled to the possession of the goods. (*Byrne* v. *Weidenfeld*, 113 App. Div. 451; *Jones* v. *Seaman*, 133 id. 127, 130; affd., 200 N. Y. 553; *Clements* v. *Yturria*, 81 id. 285.)

Therefore, this action may not be maintained for the conversion of the portion of bones disposed of by the defendant before the appointment of the receiver.

A further question remains as to the liability of the defendant for his failure to turn over to the plaintiff upon demand the $700 worth of bones still remaining in his possession.

The receiver upon appointment became entitled to the possession of the property of the partnership. (*Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Sigua Iron Co.* v. *Brown*, 171 id. 488, 494.)

Although the title to the property did not pass to the receiver, still he represents the firm in which is vested the legal title and also, as an officer of the court, is entitled to the immediate possession of the property. He, therefore, has sufficient interest in the property to maintain an action in his own name against those who unlawfully withhold it from him. (Civ. Prac. Act, § 210; *Spencer* v. *Standard Chem. & Metals Corp.*, 237 N. Y. 479.)

Some of the property of the partnership being in the hands of the defendant, who refused to turn it over to the plaintiff upon demand, the defendant must be deemed to have exercised dominion over such property as against one who represents the owners of the property and who is entitled to immediate possession of it, and the defendant, therefore, is liable in conversion.

The defendant raises a further question that the plaintiff is not entitled to maintain this action without an order of the court permitting him to do so, which order has not been obtained.

The receiver of partnership property appointed in an action for the dissolution of such partnership has only common-law powers, not the powers granted by statute or rule to receivers in some instances, such as receivers of corporations and receivers of judgment debtors. (*Keeney* v. *Home Ins. Co.*, *supra*; *Stokes* v. *Hoffman House*, 167 N. Y. 554, 559.)

A chancery or common-law receiver must obtain leave of the court before commencing an action. (*Fincke* v. *Funke*, 25 Hun, 616; *Ogden* v. *Arnot*, 29 id. 146; *Witherbee* v. *Witherbee*, 17 App. Div. 181.)

It was the duty of the plaintiff as receiver to take immediate possession of the partnership property. As this is in the nature of a possessory action, it may be that as to such action sufficient authority for its commencement will be implied from the order appointing him.

However, the objection that the plaintiff is suing without permission of the court is not based upon the ground of want of sufficient interest in the property to maintain an action. The objection is in effect " that the plaintiff has not legal capacity to sue." This objection appearing upon the face of the complaint is waived because not taken by motion within twenty days after the service of the complaint. (Civ. Prac. Act, § 278; Rules of Civ. Prac. rule 106.)

Judgment is directed for the plaintiff for the sum of $700, the value of the bones still remaining in the defendant's possession.