DOROTHY C. GOEBEL, Respondent, v. JOHN CLARK, Individually and as Sheriff of Genesee County, Respondent, Impleaded with CORA A. STORER, Appellant.

Fourth Department, November 9, 1934.

*Paul B. Hanks,* for the appellant.

*Richard A. Friedson,* for the respondent.

SEARS, P. J. Mary Ann Goebel, the mother of the plaintiff, was the owner of a Genesee county farm, which was subject to a mortgage held by the defendant Storer. While the mortgage was outstanding, by a written instrument, dated January 31, 1929, she leased the property, together with certain tools and stock which were on the farm, to Lineol B. Fassett for a term which was to end on the 1st day of December, 1929, at an annual rental of $500. On the 14th day of February, 1929, by a written instrument, she transferred, sold and assigned to the plaintiff the lease, and " all the property by said contract [viz., the lease] delivered to Lineol B. Fassett." After making this assignment she, together with her husband, Adam Goebel, assumed the payment of the mortgage debt. The defendant, by action, foreclosed her mortgage upon the farm, making Mary Ann Goebel, her husband and Lineol B. Fassett parties defendant, and, at the foreclosure sale, bought the farm and was thereafter granted a deficiency judgment against Mary Ann Goebel and Adam Goebel. Execution on the deficiency judgment was issued to the sheriff on the 9th day of

November, 1929. The sheriff under the direction of the defendant's attorneys, levied upon the personal property which was on the farm and included in the lease to Fassett. The defendant is not shown to have given any express authority to her attorneys to direct the sheriff as to the property on which levy should be made. The sheriff at the execution sale on November 18, 1929, sold the personal property to the defendant. The plaintiff did not at any time before bringing the action, as far as appears, notify the tenant Fassett, the sheriff, the defendant or the defendant's attorneys of her claim to the property, nor did she demand possession from the defendant. The defendant, on the 4th day of April, 1930, sold to Stephen Macek the personal property which she had purchased at the execution sale. Macek had also bought from her the farm itself. There was evidence of the value in 1929 of the personal property bought by the defendant at the execution sale. The court ruled that there was no evidence of the value of the property when sold by the defendant to Macek. The plaintiff has been granted judgment for the value of the personal property. The court in submitting the case to the jury, after election by the plaintiff between various claims, limited the jury to a consideration of the case based upon the levy and sale by the sheriff and purchase by the defendant.

The defendant contends that error occurred in the court's instruction to the jury that the defendant was liable for the direction given by her attorneys to levy on the property on the farm. In the absence of express authority, an attorney is not authorized to give directions on behalf of his client to a sheriff as to what property shall be seized and sold. (*Welsh* v. *Cochran,* 63 N. Y. 181.) The instruction was erroneous, but does not constitute reversible error because the purchase by the defendant of the goods, established by undisputed evidence, was a complete ratification of the act of the sheriff in levying upon the goods and selling them. (*Brainerd* v. *Dunning,* 30 N. Y. 211. And see *Welsh* v. *Cochran, supra.*) The responsibility of the defendant for the wrongful act of the sheriff in seizing and selling the goods was coequal with the responsibility of the sheriff himself.

The defendant further contends that even though the defendant must be held to have joined the sheriff in the wrongful seizure, nevertheless, the plaintiff has no cause of action based on the seizing and selling of the property, because the plaintiff at the time of the levy and sale did not have either actual possession or the right of immediate possession. This point does not appear to have been called to the attention of the court at the trial. The lease from Mary Ann Goebel to Lineol B. Fassett in so far as it

related to the real property ceased to have validity upon the sale of the real estate under the superior mortgage. (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Mitchell* v. *Bartlett*, 51 id. 447.) It is hard to conceive of the lease as continuing thereafter as a contract of bailment of personal property. However, if it did continue as a bailment for hire, then Fassett was entitled to possession, and not the plaintiff, and he alone would be entitled to maintain a strict action of conversion for damages resulting from the seizure and the sale of the goods. (*McCoy* v. *American Express Co.*, 253 N. Y. 477; *Clements* v. *Yturria*, 81 id. 285; *Byrne* v. *Weidenfeld*, 113 App. Div. 451; *Gordon* v. *Harper*, 7 Term Rep. 9; 101 Eng. Rep. 828.) Our code practice has, however, abolished the distinctions between common-law actions. Trover and case no longer exist as distinct forms of action. The facts are sufficient in our judgment to establish a cause of action, though not strictly in conversion, against the defendant. The seizing and purchase of the property went beyond a deprivation of possession of the bailees, assuming that Fassett was a bailee, and amounted to an injury to the reversionary title of the plaintiff. The acts were in defiance of the plaintiff's property right and were consistent only with the complete annihilation of the plaintiff's title. In our judgment, therefore, a cause of action was established for injury to the reversionary title of the plaintiff. (*Baird* v. *Daly*, 57 N. Y. 236; *Mears* v. *London & S. W. R. Co.*, 11 C. B. [N. S.] 850 [1862], American Law Institute, Final Draft Restaterent of Torts, §§ 220, 247; Pollock Torts [13th ed.], 371; 2 Cooley Torts [4th ed.], 490; *Marshall* v. *Davis*, 1 Wend. 109.)

There is another theory upon which the plaintiff is entitled to the judgment. One purchasing, in good faith, chattels from a wrongdoer is not liable for the conversion of the chattels purchased until after demand and refusal (*Gillet* v. *Roberts*, 57 N. Y. 28), unless such purchaser resells the articles or so deals with them as to establish conclusively an appropriation as distinguished from a possession. (*Pease* v. *Smith*, 61 N. Y. 477; *Spraights* v. *Hawley*, 39 id. 441; *Employers' Fire Ins. Co.* v. *Cotten*, 245 id. 102.) The doctrine of the *Gillet* case is not applicable here, however, because the defendant's ratification of the sheriff's seizure and sale made her responsible for the wrongful seizure and sale from the beginning. No demand was consequently necessary to put the defendant in the wrong and establish a cause of action. As defendant's possession, originating in the wrongful taking, continued after the 1st day of December, 1929, when Fassett's rights under the lease unquestionably expired (if they were not terminated earlier), the plaintiff is entitled to assert her claim for conversion based upon

her actual right of possession following the 1st day of December, 1929. (*Terry* v. *Bamberger*, 14 Blatchf. 234; affd., 103 U. S. 40; *Carpen'er* v. *Hale*, 8 Gray, 157; *Delano* v. *Curtis*, 7 Allen, 470, 475.)

For these reasons, the judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment affirmed, with costs.